## 19647. JUSTICE v. THE STATE.

WYATT, Presiding Justice. The defendant was tried and convicted of rape without a recommendation to mercy. He filed his motion for new trial on the general grounds and later amended his motion adding a number of special grounds. The motion for new trial was denied. The exception here is to that judgment. *Held:*

1. In so far as the general grounds are concerned, it is necessary to say only that the evidence was amply sufficient to support the verdict.

2. The first special ground, numbered 5, and ground 9 of the amended motion for new trial complain that it was error to allow testimony from a witness, who had remained in the courtroom after the rule requiring sequestration of witnesses had been invoked. The record shows that the witness in question was an officer. When the rule was invoked, the solicitor stated to the court that this officer had investigated the case and was familiar with the facts, and that the solicitor was not so familiar and needed this witness to assist him in the trial of the case. It further appears that this officer was called as the first witness. He was later called in rebuttal. The contention of the defendant is that the testimony that he gave when recalled was not in rebuttal, and that it was error to allow the witness to testify because he had remained in the courtroom. While this court has repeatedly held that, when the defendant requests that the rule be invoked, it is the duty of the court to have the witnesses examined separately and out of the presence of other witnesses—it has further held it not to be an abuse of discretion such as to require a reversal if a witness is allowed to remain in the courtroom to aid in the trial of the case. See *Shaw* v. *State,* 102 *Ga.* 660 (5) (29 S. E. 477) and *Poultry Inc.* v. *Anderson,* 200 *Ga.* 549 (37 S. E. 2d 785); *Groover* v. *Simmons,* 161 *Ga.* 93 (129 S. E. 778). The ruling in *Montos* v. *State,* 212 *Ga.* 764 (95 S. E. 2d 792), cited and relied upon by the plaintiff in error, does not require a different conclusion. The exception appearing in the instant case is specifically recognized and stated in the *Montos* case. Accordingly, there is no merit in these special grounds.

3. Ground 6 of the amended motion for new trial complains of the sustaining of an objection to a question propounded by

the attorney for the defendant during his cross-examination of the prosecutrix. The question was as follows: "You are aware of the fact, are you not, that the apartment you were occupying then has been entered by a colored man in the daylight since that time?" This question is obviously not material or relevant to any issue involved in this case, and it was therefore not error to exclude it from evidence.

4. Ground 7 of the amended motion for new trial complains because a witness was permitted to testify as to an assault or attempted assault upon her the same night and in the same neighborhood as that when the offense was committed upon the prosecutrix in the instant case. The record shows that an extended discussion was had outside the hearing of the jury and before the witness had begun her testimony. The questions which were discussed all related to the admissibility of testimony which the witness was expected to give. The trial judge then stated that he would allow the solicitor to proceed, and that the defendant could make his objections to any evidence offered, and the court would rule it out if inadmissible and admit it if admissible. He further stated that he could not rule on specific evidence until it was offered because the court did not know what it was going to be. The witness was then examined and no objection to any of her testimony was made by the defendant. The defendant then cross-examined the witness at length, no objection to all or any part of her testimony ever having been made. Under these circumstances, this court will not pass upon this ground because no proper objection was ever made to the evidence when it was offered.

5. Ground 8 of the amended motion for new trial contends that the court erred in giving the defendant an incomplete and confused instruction as to his rights to make a statement. A mere reading of this ground will disclose that it is wholly without merit. The instruction was given at the request of counsel for the defendant. It adequately instructed him as to his rights and fully protected him in all respects.

6. Ground 10 of the motion for new trial complains of a portion of the charge of the court, in which the judge instructed the jury as to the weight to be given the defendant's statement. There is no merit in this contention. The charge fully and adequately stated to the jury the law relating to the weight to be given to such statement.

7. It follows from what has been said above, there was no error in the judgment denying the motion for new trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 12, 1957—DECIDED APRIL 8, 1957.

*Walden & D'Antignac, A. T. Walden,* for plaintiff in error.
*Paul Webb, Solicitor-General, E. L. Tiller, Carter Goode, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.