## 26780. FOUNTAIN v. THE STATE.

Felton, Justice. Fannie Lee Fountain was indicted, tried and convicted of the murder of her husband, Frank Fountain, and sentenced to life imprisonment. The appeal is from the judgment overruling her motion for new trial as amended.

1. The overruling of the general grounds of the motion (enumerated error 1) is not here ruled on because the evidence may not be the same on the new trial hereby granted in Division 4 hereinafter.

2. The exclusion of two jurors, whose answers to questions propounded by the district attorney made it clear that they would under no circumstances imaginable impose capital punishment, was not error. Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776); *Pass v. State,* 227 Ga. 730 (10) (182 SE2d 779) and cit. Further-

more, "'[W]here the sentence imposed in a capital felony case is not a death sentence it is no ground to set aside such sentence that prospective jurors who were opposed to capital punishment were excluded from service.' *Walker v. State,* 225 Ga. 734 (1) (171 SE2d 290) and cit.; *Brown v. State,* 226 Ga. 114, 115 (172 SE2d 666)." *Massey v. State,* 226 Ga. 703 (7) (177 SE2d 79), cert. den., 401 U. S. 964 (91 SC 984, 28 LE2d 248). Enumerated errors 2 and 3, complaining of the exclusion of the two jurors, and enumerated as error number 4, complaining of the challenge to the array of jurors on this ground, are therefore without merit.

3. The court did not err, as contended in enumerated errors 5 and 6, in granting the district attorney's request, after invoking the rule of sequestration, that G. B. I. agent Stone, who had investigated the case, and Sheriff Harrison, who had also investigated and was designated "prosecutor" on the indictment, be permitted to remain in the courtroom to assist in the prosecution of the case and to testify after other witnesses for the State had been examined in their presence. This was a matter for the trial judge's sound discretion, which is not shown to have been abused. *Spurlin v. State,* 222 Ga. 179 (2) (149 SE2d 315) and cit. Even a violation of the rule does not disqualify a witness from testifying. *Pippins v. State,* 224 Ga. 462, 464 (162 SE2d 338) and cit.

4. Enumerated error 7 is the failure to allow the defendant to raise the question and defense of insanity and to request the jury to return a verdict of "not guilty by reason of insanity" without first filing a written plea other than her general plea of "not guilty." "The issue of insanity [at the time of the perpetration of the alleged crime] can be raised and tried under the plea of general issue of not guilty. *Carr v. State,* 96 Ga. 284, 286 (22 SE 570); *Hubbard v. State,* 197 Ga. 77 (2) (28 SE2d 115)." *Abrams v. State,* 223 Ga. 216, 226 (154 SE2d 443). The section of the Code relating to the *special* plea applies only to mental derangement *at the time of the trial,*

which was not here contended. See *Griffin v. State,* 195 Ga. 368, 375 (24 SE2d 399), citing *Danforth v. State,* 75 Ga. 614 (3) (58 AR 480). Accordingly, the court erred in precluding defense counsel from introducing evidence on insanity at the time of the perpetration of the alleged crime under her general plea of not guilty, which error is presumed to be harmful and requires the grant of a new trial.

5. Enumerated errors 8 and 9 complain of a doctor's and a deputy sheriff's being allowed to testify as to their conclusions that there had been no fight preceding the shooting of the decedent. The doctor's opinion was admissible, under *Code* § 38-1710, because it was based upon his medical observations, such as the absence of marks or bruises on the body other than the shotgun shell wound and the absence of muscle spasms or contractions, indicating to him that the decedent was asleep when killed. The deputy sheriff's opinion was admissible on the basis of his previous experience as a law officer investigating fight scenes and also his personal observation of the decedent's house after the commission of the crime. These enumerated errors are without merit.

6. Enumerated errors 10, 11, 12 and 13 complain of the admission in evidence of State's exhibits numbered 5 through 13 and testimony concerning them, on the ground that no continuous, undisturbed possession of said evidence from the scene of the alleged crime to the trial of the case was established. In the case of the shotgun, the murder weapon, defense counsel stated that "we have no objections to this going into evidence." Furthermore, even if he later retracted this consent, the evidence adequately showed the required chain of possession of this and the remaining exhibits.

7. Enumerated error 14 is the court's failure to make a determination of the constitutional admissibility, out of the presence of the jury, of the statement made by the defendant to G. B. I. Agent Stone. The defendant's statement was neither a confession nor incriminating, since it attempted to implicate three alleged men as the assail-

ants and murders, and not the defendant herself. Furthermore, even if it was incriminating, there was no objection to the admission of such testimony. "'Absent a proper objection and any evidence that the defendant's in-custody statement was involuntary, the admission of such statement in evidence without a hearing as to its voluntariness (as is provided for in Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205)) was not error.' *Watson v. State,* 227 Ga. 698 (1) [182 SE2d 446]." *Harris v. Stynchcombe,* 227 Ga. 763 (1) (183 SE2d 205); *Abrams v. State,* 223 Ga. 216, 225, supra; *Jackson v. State,* 225 Ga. 39, 47 (165 SE2d 711). This enumerated error is without merit.

8. Enumerated error 15 is the giving of the following charge to the jury: "Now, Gentlemen, the offense charged being a capital felony, to sustain a conviction, it is absolutely necessary for the State to prove that the offense occurred in this county *four years preceding the indictment* of the defendant at the April term, 1971, of this court." (Emphasis supplied). Although there is no showing that this charge constituted harmful error, since the date of the commission of the alleged crime is undisputed, nevertheless, we have not found, nor been cited, any law amounting to a "statute of limitation" for the prosecution of the crime of murder. Therefore, this charge was error and should be omitted on the next trial of the case.

The court erred in its judgment overruling the motion for new trial as amended, for the reasons stated in Division 4, hereinabove.

*Judgment reversed. All the Justices concur.*
ARGUED OCTOBER 12, 1971—DECIDED NOVEMBER 5, 1971.

*Eugene A. Deal, Frank A. Holloway,* for appellant.
*Nat Hancock, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, David L. G. King, Jr., Assistant Attorneys General,* for appellee.