## 29771. TEAL v. THE STATE.

NICHOLS, Chief Justice.

Thomas Larry Teal was indicted, tried and convicted of armed robbery. He received a life sentence and after his amended motion for new trial was overruled the present appeal was filed.

1. On the trial of the case the defendant was identified by the victim as well as two law enforcement officers who observed the defendant while he was attempting to escape. The defendant, his mother and two other witnesses testified that the defendant was elsewhere at the time the armed robbery was committed. The evidence authorized the verdict and the judgment of the trial court overruling the usual general grounds of the motion for new trial shows no error.

2. Error is enumerated because of the admissions of testimony over objections as to a conversation between a police officer who investigated the crime and a neighbor of the defendant. Also enumerated as error is an excerpt of the court's charge wherein the court instructed the jury that the evidence was admitted for a limited purpose only, to wit: to explain the conduct of the police officer if it did explain his conduct.

The testimony was admissible under Code § 38-302 for the purpose of explaining the officer's conduct and the charge which properly limited the jury's consideration of such testimony was not error. Compare *Phillips v. State,* 206 Ga. 418 (3) (57 SE2d 555); *Pitts v. State,* 226 Ga. 278 (2) (178 SE2d 177); *Watkins v. State,* 231 Ga. 481 (202 SE2d 442).

3. Error is enumerated on the refusal of the trial court to charge the jury "in the language requested" seven requests to charge which were submitted at the close of the evidence. The trial court in reviewing such requests at the time they were submitted stated that such requests would be covered by the general charge. A review of these requests and the court's charge to the jury discloses that each of the seven requested instructions was covered by the court's instructions although not in the identical language requested. It is not reversible error to fail to charge in the exact language requested. Compare *Young*

*v. State,* 226 Ga. 553 (5) (176 SE2d 52); *McClendon v. State,* 231 Ga. 47 (4) (194 SE2d 904).

No reversible error being shown, the judgment of the trial court is affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 24, 1975 — DECIDED APRIL 8, 1975.

*Margaret Hopkins, James R. Venable,* for appellant.

*Lewis R. Slaton, District Attorney, R. David Petersen, Assistant District Attorney, Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.