## 50741. DAVIS v. THE STATE.

MARSHALL, Judge.

Appellant Davis was tried and convicted upon an indictment alleging an aggravated assault in that Davis attacked one Edwards with a certain pistol, a deadly weapon, about the head causing injury. Following conviction, the trial court sentenced Davis to serve three years in the penitentiary. From the judgment and conviction, Davis appeals, enumerating some eight errors. *Held:*

1. The first three enumerations are on the general grounds and since appellant has not pursued these three enumerations in his brief and argument in support thereof, these first three enumerations have been waived and abandoned. Rules of the Court of Appeals of the State of Georgia, Rule 18 (c) (2); *Manning v. State,* 123 Ga. App. 844 (182 SE2d 690).

2. The fourth enumeration complains that the trial court erred in allowing into evidence testimony concerning other crimes allegedly committed by appellant and comments on such other crimes. This situation arose as follows: When the trial court asked the district attorney to call the next case, the appellant's case was called. Before the jury had been selected but apparently while they were in the courtroom the trial court reminded the appellant the case had been put off before in order to enable him to obtain the services of an attorney. Though appellant apparently wished to proceed pro se, the court arranged to have an attorney assist him strike a jury. At this point the appellant, before conferring with an attorney, stated: "Your honor, I don't have my witnesses here on this particular case. I have them ready on some of the other cases." The district attorney added this comment for the court: "Your honor, he has several cases but I would prefer to try this case first." Thereafter, the court directed the case to proceed with this comment. "Well we can't keep putting these cases off forever. I will ask Mr. Harper to help you strike the jury." The appellant conferred with the attorney in the courtroom and that attorney, Mr. Harper, represented appellant throughout the remainder of the trial, commencing with the striking

of the jury. Subsequently, upon cross examination of the alleged victim's wife, Mrs. Edwards, counsel for appellant asked Mrs. Edwards: "Has he [the victim, Edwards] ever gone to Federal court and pled guilty to knocking down poles on Highway 29?" The witness' answer to that question was: "Yes, and Mr. Davis was out there being tried when he was." No objection was entered to the unresponsive portion of the answer.

Appellant contends the evidence of other crimes brought to the jury's attention both before and during appellant's trial falls squarely within the long-standing prohibition against the introduction of such evidence. *Bacon v. State,* 209 Ga. 261 (71 SE2d 615); *Hodges v. State,* 85 Ga. App. 617, 619, 623-626 (70 SE2d 48).

Appellant misconceives the purpose of the rule invoked. The reference to "other cases" was first interjected into the case by appellant as an unsolicited statement. Thereafter responses to appellant's initial comment were made by the district attorney and the court. Furthermore, these comments were made prior to the selection of the jury that ultimately returned findings of guilty. The rule invoked by appellant generally states that on a prosecution for a particular crime, evidence which shows or tends to show that the accused has committed another crime wholly distinct, independent and separate from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible, unless there be shown some logical connection between the two from which it can be said that proof of the one tends to establish the other. *Bacon v. State,* supra. The fallacy in appellant's position is that the comments by appellant, the district attorney and the court prior to trial and by Mrs. Edwards during the trial at no time mentioned another "crime." They mentioned other "cases." Whether these were offenses to be tried or in which acquittals occurred or might occur, whether these "cases" were wholly distinct, independent or separate from the case upon trial, was never even intimated much less proven. We conceive the first comments before trial to be no more than a colloquy between appellant, counsel and the court. The court's comment was addressed to appellant and the comments of appellant and the district

attorney were addressed to the court. Obviously no affirmative effort was made to influence the jurors. The comments made by the parties were all pertinent to the orderly processing of the case, and we find that no reversible error appears. *Hodges v. State,* supra. Moreover, if appellant or his counsel thought such comments could prejudice the potential members of the jury, appellant had the opportunity of identifying such veniremen and removing them by challenge. Since no error is raised as to the jury selected, we can and will assume appellant was satisfied that the jury had not been prejudiced. *Manning v. State,* supra; *Cochran v. State,* 113 Ga. 736 (39 SE 337). The unresponsive answer uttered by Mrs. Edwards, in addition to not identifying a specific crime, was not objected to; no motion to strike was made nor was any further reference made as to that answer. "A party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." *Joyner v. State,* 208 Ga. 435, 438 (67 SE2d 221); *Moore v. State,* 222 Ga. 748, 755 (152 SE2d 570); *Foster v. State,* 230 Ga. 186 (1) (195 SE2d 902). Accordingly, we find the fourth enumeration of error to be without merit.

3. Appellant's fifth enumeration alleges he was never identified in open court as being the perpetrator of the alleged crime. Contrary to his assertion, all the prosecution witnesses stated the appellant was the owner of the Davis Trailer Court, lived in a house at the entry road to the area and on the evening in question was involved in an encounter with Edwards. Appellant identified himself as C. E. Davis who rented house trailers; he lived in a house on the entry road to the area wherein the rental trailers were located; and that he had an encounter with Edwards on the same evening in question. There can be no question that the totality of the evidence fully identified appellant as the alleged perpetrator of an aggravated assault upon Edwards. There is no merit in enumeration of error number 5. *Moughon v. State,* 57 Ga. 102, 104-105; *Johnson v. State,* 73 Ga. 107.

4. The sixth enumeration alleges an error in the trial court's refusal to grant a continuance to obtain a

witness. Appellant, during his testimony in chief asserted that one Bowen was seated in appellant's automobile and was an eyewitness to the entire incident. On the first day of trial, appellant's counsel asked the court for a delay in order to secure the presence and testimony of this witness. The court recessed until the next day in order to obtain Bowen's presence, who was locally available. It developed that Bowen was injured in a fight that night and was physically unable to attend the trial the next day, the second day of trial. Counsel for appellant then moved for a continuance until the witness was able to attend. At no time did counsel indicate when the witness would be available or the nature of the witness' testimony or that it was indispensable to the defense. The evidence developed at trial indicated on behalf of the prosecution an unprovoked pistol whipping. Davis' version was that the witness injured himself while attempting to attack appellant. At no time did appellant's counsel indicate which version of the incident Bowen would support.

There are eight statutory requirements each of which must be met before an appellate court may review a trial judge's discretion in denying a motion for a continuance based upon the absence of a witness. Ga. L. 1959, p. 342 (Code Ann. § 81-1410); *Beasley v. State,* 115 Ga. App. 827 (156 SE2d 128). Appellant's motion for a continuance failed to indicate the materiality of the absent witness' testimony; that the absent witness' testimony could be procured at the next term of court or at any other time certain, that the continuance was not for purposes of delay but to obtain the essential testimony; and the facts expected to be proved. There was no abuse of discretion here where half of the statutory requirements were not met. *Carroll v. Crawford,* 218 Ga. 635 (129 SE2d 865); *Wallace v. State,* 134 Ga. App. 708 (215 SE2d 703).

5. In his seventh enumeration of error, appellant complains that his rights against self-incrimination were violated. The transcript disclosed a deputy sheriff received a call from the sheriff's office that there had been some trouble at Davis' Trailer Court. The deputy proceeded to the trailer court and determined that appellant had phoned the sheriff to report some trouble. When the deputy arrived he was not aware of what had

happened. He asked the appellant: "What is going on down here?" Appellant allegedly then said: "Marty Edwards came in awhile ago. Me and him got into it." The deputy asked what had happened. Appellant then allegedly answered: "I took a wrench and beat the hell out of him."

Appellant now contends, as he did at trial, that the deputy was under an obligation to advise him of his rights against self-incrimination. Since admittedly the deputy did not advise appellant of those rights, appellant asserts the trial court committed prejudicial error in overruling his objection and allowing the testimony. Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694).

Again appellant misconceives the application of the constitutional protection. The deputy was making an on-the-scene investigation. He had no suspects and was merely trying to ascertain what had happened. Appellant was not in custody nor was he "interrogated." Under these facts appellant made a non-custodial, voluntary statement which is and always has been admissible against the maker. *Carnes v. State,* 115 Ga. App. 387, 391 (154 SE2d 781).

6. In the eighth and last enumeration of error, appellant complains the trial court erred in refusing to instruct upon the lesser offense of simple battery. During his testimony appellant maintained that the victim, Edwards, had initiated an assault upon Davis. After Edwards had allegedly twice struck his head on hard objects while trying to grapple with Davis, and was in almost a comatose condition, Davis asserted that only at that point did he grab Edwards by the legs to stop further assaults. Davis further denied using any force to defend himself or to have been possessed of any kind of weapon during these acts by Edwards. The theory of the prosecution was that Davis struck Edwards repeatedly about the head with a pistol and that the assault was over when Edwards was knocked to the ground and was lying prostrate in an unconscious or semi-comatose condition. Its theory never embraced any subsequent action by Davis. On the other hand, Davis denied the aggravated assault but admitted he had taken Edwards by the legs after Edwards was on the ground. Under these facts, as

stated by the trial judge and a position with which we agree, the appellant was either guilty as charged or not guilty. The lesser offense of simple battery was not in issue so as to require instructions. There was no error in refusing to instruct on the lesser offense of simple battery, that offense not being reasonably raised by the evidence. *Jenkins v. State,* 153 Ga. 305 (111 SE 915); *Patterson v. State,* 199 Ga. 773 (35 SE2d 504).

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

Submitted June 2, 1975 — Decided September 2, 1975.

*Cathey & Strain, Edward E. Strain, III, Andrew J. Hill, Jr.,* for appellant.

*Clete D. Johnson, District Attorney,* for appellee.