## 31684. DISBY v. THE STATE.

HALL, Justice.

This is an appeal from a conviction of armed robbery by the Superior Court of Spalding County.

Appellant was indicted on two counts of armed robbery, one count involving a robbery at a drug store in December of 1975, the other involving a robbery at a bus station in January of 1976. Appellant plead not guilty to both counts. He was tried by a jury and found guilty as to Count 1; a mistrial was declared as to Count 2. The court imposed a sentence of twenty years imprisonment. Appellant made a timely motion for new trial which was overruled by the trial judge. He appeals.

1. Appellant contends that the trial court erred in permitting a witness for the prosecution to remain in the courtroom after a timely request for sequestration had been made. See Code Ann. § 38-1703.

Subsequent to appellant's sequestration request, appellee asked that the investigating officer, a witness for the prosecution, be allowed to remain in the courtroom. This request was granted. Appellant contends that the state did not lay a proper foundation to bring this witness within any of the recognized exceptions to the sequestration rule.

We have held on numerous occasions that it is within

the trial court's discretion to make exceptions to the sequestration rule, and unless that discretion has been abused, its decision will not be reversed on appeal. See, e.g., *Fountain v. State,* 228 Ga. 306 (3) (185 SE2d 62) (1971). The witness involved was the investigating officer, he was familiar with the case, and the prosecutor stated in his place that he needed the witness' assistance during the trial. We find that a proper foundation for an exception to the sequestration rule was made; we find no abuse of discretion by the trial judge. *Justice v. State,* 213 Ga. 166 (2) (97 SE2d 569) (1957).

2. The appellant argues that the trial court erred in admitting evidence of a pre-indictment lineup because he was not represented by counsel at that time. Appellant further contends that the admission of this evidence was in violation of his Fifth Amendment right against self-incrimination. We find these contentions to be without merit.

It is well settled that one does not have a Sixth Amendment right to counsel at a pre-indictment lineup. Kirby v. Illinois, 406 U. S. 682 (92 SC 1877, 32 LE2d 411) (1972); *Mitchell v. State,* 236 Ga. 251, 255 (223 SE2d 650) (1976). Furthermore, one's voluntary consent to a lineup does not violate his Fifth Amendment right against self-incrimination, since the lineup process involves no compulsion of the accused to give evidence of a testimonial nature against himself. United States v. Wade, 388 U. S. 218, 222 (87 SC 1926, 18 LE2d 1149) (1966).

3. Appellant contends that the trial court erred in receiving a verdict of the jury on Count 1 of the indictment before it had completed its deliberation on issues in Count 2 of the indictment. We find this contention to be without merit.

The indictment under which the appellant was charged contained two counts, one dealing with an armed robbery at a drug store, the other dealing with an armed robbery at a bus station. After the jury had deliberated for some time, the judge called them back to the courtroom to inquire how they were progressing. The foreman informed the judge that the jury had reached a verdict as to Count 1, but was still deliberating as to Count 2. Since it was late in the day, the judge decided to let the jury

publish its verdict as to Count 1 and finish its deliberations on Count 2 the following day. Defense counsel agreed to this procedure. The following day defense counsel moved for a mistrial because verdicts on the two counts were rendered separately.

Distinct offenses in separate counts of the same indictment should be passed on separately by the jury. While it was perhaps unusual for the jury to publish its verdict as to two counts of an indictment separately, it was incumbent upon defense counsel to object to the reception and publication of the verdict before it was done. "A party cannot wait to see which way the jury finds, and then, if the verdict is adverse to him, object to some mere irregularity in the mode of receiving or publishing it, of which he had knowledge in advance." *Sizer & Co. v. Melton & Sons,* 129 Ga. 143, 153 (58 SE 1055) (1907). See also *Smith v. Jones,* 185 Ga. 236, 242 (194 SE 556) (1937). We find this enumeration to be without merit.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who concur in the judgment only.*

SUBMITTED NOVEMBER 5, 1976 — DECIDED JANUARY 6, 1977.

*Beck, Goddard, Owen & Murray, Frank A. Thomas, Jr., C. Arthur Moss, Jr.,* for appellant.

*Ben Miller, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.