## 31970. DEAN v. THE STATE.

JORDAN, Justice.

Appellant was convicted of murder. He was sentenced to life imprisonment and appeals.

1. Appellant Dean claims that the verdict is strongly against the weight of the evidence because the chief prosecution witness gave "biased" testimony. The state's evidence showed that Dean went to the apartment of his ex-wife at approximately midnight, carrying a rifle; that he falsely identified himself as a neighbor, in order to get his ex-wife to open the door to her apartment; that when the door was opened Dean shot the night chain off the door, and entered proclaiming something to the effect of "I got y'all"; that a struggle ensued between Dean and the victim, the fiance of the ex-wife; and that the victim was killed by a shot in the back, fired far enough away so that no "powder burns" were present around the wound. This was the account given of the incident by Dean's ex-wife. Dean argues that this testimony must be disregarded because in a subsequent trial, in which he was tried for kidnapping his ex-wife, evidence was presented which discredited the testimony of the ex-wife in that trial, and an acquittal was obtained.

There is no merit in this contention. The credibility of a witness is a question solely reserved to the jury, and we must affirm the finding of the jury if there is any evidence in the record to support the verdict. *Proctor v.*

*State,* 235 Ga. 720 (221 SE2d 556) (1975). The evidence clearly supports the verdict.

2. The court reporter failed to record the closing argument of counsel, in spite of the fact that the trial court ordered that it be reported. Dean asserts that the trial court should have granted a new trial because the court reporter's mistake "deprived him of preservation of harmful error." However, Dean does not assert that any harmful error was committed during the closing arguments. "Harm as well as error must be shown to authorize a reversal by this court." *Bateman v. Bateman,* 224 Ga. 20 (159 SE2d 387) (1968). This enumeration is without merit.

3. The fifth and sixth enumerations of error complain of the trial court's overruling of the defendant's motion to prohibit jury dispersal. It is first argued that, because the state *could* have sought the death penalty in this case, the judge had no discretion to allow the jury to disperse. See Code Ann. § 59-718.1 (Ga. L. 1972, p. 622). The point is, the state did not seek the death penalty in this case, and therefore the trial court did not err in allowing the jury to disperse with appropriate instructions. *Kessel v. State,* 236 Ga. 373 (7) (223 SE2d 811) (1976).

Dean argues, in the alternative, that Code Ann. § 59-718.1 is a per se violation of the right to a jury trial granted by the Constitution of the United States. This contention was raised for the first time in his amended motion for new trial. These enumerations are without merit. *E. P. v. State of Ga.,* 230 Ga. 770 (199 SE2d 313) (1973) and cases there cited.

4. Appellant complains of the trial court's refusal of his written request to charge on the law of involuntary manslaughter. The record reveals that Dean's defense was based upon accident. There was no evidence of involuntary manslaughter. This enumeration is without merit.

5. The first enumeration of error, complaining generally of the denial of Dean's motion for a new trial, is without merit for the reasons stated in Divisions 1 through 4.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 28, 1977 — DECIDED
MARCH 10, 1977.

*Peter J. Krebs,* for appellant.
*Lewis R. Slaton, District Attorney, R. David
Petersen, Carole E. Wall, Assistant District Attorneys,
Arthur K. Bolton, Attorney General, Kirby G. Atkinson,
Assistant Attorney General,* for appellee.