## 34193. DAVIS v. THE STATE.

BOWLES, Justice.

The appellant, Freddie Davis, was indicted by a grand jury in Meriwether County for the January 31, 1977, rape and murder of Frances Coe. He was tried by a jury and found guilty of both offenses. Appellant was sentenced to death for the murder and was given a life sentence for rape.

In *Davis v. State,* 240 Ga. 763 (243 SE2d 12) (1978), appellant's convictions and life sentence for rape were affirmed. Because the court's sentencing instructions failed to make clear to the jury that they could recommend a life sentence even if they found the existence of a statutory aggravating circumstance (*Fleming v. State,* 240 Ga. 142 (7) (240 SE2d 37) (1977)); and failed to inform the jury that they were authorized to consider mitigating

circumstances in contravention of requirements laid down in Code Ann. §§ 27-2534.1 (b) and 27-2534.1 (c) (*Hawes v. State* 240 Ga. 327 (9) (240 SE2d 833) (1977)), appellant's sentence of death for the offense of murder was reversed and a new trial ordered on the issue of punishment.

Upon resentencing, the jury found that the murder was committed while the appellant was engaged in the commission of another capital felony, to wit: the rape of Frances Coe, Code Ann. § 27-2534.1 (b) (2) and, that the murder was outrageously and wantonly vile, horrible and inhumane in that it involved torture and depravity of mind on the part of the appellant, or an aggravated battery to the victim. Code Ann. § 27-2534.1 (b) (7). Based upon these aggravating circumstances, a verdict was returned for the death penalty and appellant was sentenced to death.

This case is here on direct appeal and for mandatory review of the death sentence imposed. Code Ann. § 27-2537. The facts surrounding the murder and rape of Frances Coe are adequately set forth in *Davis v. State,* supra, and the companion case of co-indictee, Eddie Spraggins (*Spraggins v. State,* 240 Ga. 759 (243 SE2d 20) (1978)), and will be repeated here only as necessary in addressing appellant's enumerations of error.

1. In his first enumeration of error, the appellant contends that the court reporter's failure to transcribe all hearings on motions and all bench conferences held in the case renders the subsequently imposed death sentence unconstitutional.

Prior to trial, appellant filed a "Motion for Complete Recordation of all Proceedings" which was granted by the trial court. Although appellant argues he did not receive a complete recordation of all proceedings as moved, the transcript reveals that the jury voir dire, opening and closing statements of counsel, testimony of all witnesses in the case, and the court's charge to the jury were fully recorded and transcribed. Further, the record reveals that the only bench conference held was at the close of evidence prior to defendant's presentation of extenuating and mitigating circumstances.

Recently, in *Stephens v. Hopper,* 241 Ga. 596 (2) (247

SE2d 92) (1978), this court held that a court reporter's failure to transcribe the closing arguments of counsel does not automatically require the death penalty to be set aside unless the defendant demonstrates harm or prejudice resulting from the court reporter's failure to transcribe the closing arguments.

In the present case, although appellant argues that the court reporter's failure to transcribe all hearings on motions and bench conferences held constitutes reversible error, nowhere in his brief does he point to anything harmful or prejudicial which may have occurred at any of these unrecorded proceedings. Therefore, we find appellant's first enumeration of error to be without merit.

2. Appellant's second enumeration of error contends that the trial court erred in its denial of appellant's motion to remove the trial to a proper courtroom.

This same point was raised by appellant in his previous appeal to this court and found to be without merit. *Davis,* supra, at Division 2. There is no showing that the resentencing trial was conducted in a manner not befitting a judicial body and, therefore, for the reasons as set out in *Davis* supra, we find no error.

3. In enumerations of error numbers three and four appellant contends that the trial court erred in permitting a witness for the prosecution to remain in the courtroom after a timely request for sequestration had been made; and, in refusing to direct that he be called as the state's first witness in the case.

The witness involved was the chief investigating officer. He was familiar with the case and the prosecutor stated in his place that he needed the witness' assistance during the trial. In response to appellant's motion to require the investigating officer to testify as the first witness in the case, the prosecutor stated that the testimony would be out of order if this witness was required to testify first.

Although Code Ann. § 38-1703 provides for the sequestration of witnesses upon motion by a party, a trial court is vested with the discretion to make exceptions to this rule, and unless that discretion has been abused, a trial court's decision will not be reversed by this court on appeal. *Disby v. State,* 238 Ga. 178 (1) (231 SE2d 763)

(1977); *Jarrell v. State,* 234 Ga. 410 (6) (216 SE2d 258) (1975); *Fountain v. State,* 228 Ga. 306 (3) (185 SE2d 62) (1971). In *McNeal v. State,* 228 Ga. 633 (4) (187 SE2d 271) (1975), we found no abuse of discretion in the trial judge allowing an investigating officer to remain in the courtroom and testify after other witnesses in the case.

In the case sub judice, a proper foundation for an exception to the sequestration rule was made and, therefore, we find no abuse of discretion by the trial judge in allowing the investigating officer to remain in the courtroom and in refusing to direct that he be called as the state's first witness.

Appellant's enumerations of error numbers three and four are without merit.

4. In his fifth enumeration of error appellant contends that the trial judge erred in overruling his objection to the admission in evidence of photographs taken at the scene of the crime depicting the victim's wounds.

These same photographs were held to be admissible in appellant's earlier appeal. *Davis v. State,* supra, at 766-767. The photographs complained of were relevant and material to show the manner in which the victim had been killed and raped. Such photographs are admissible. *McCorquodale v. State,* 233 Ga. 369 (5) (211 SE2d 577) (1974); *Floyd v. State,* 233 Ga. 280, 283 (210 SE2d 810) (1974); *Moore v. State,* 240 Ga. 807 (243 SE2d 1) (1978).

5. Appellant's sixth enumeration of error contends that the trial court erred in overruling his objection to the admission of statements made by appellant regarding his participation in the murder and rape of the victim.

The appellant made three statements to law enforcement officers. Appellant was not in custody when the first two statements were made. The third statement was made after appellant was arrested and placed in custody.

The first two statements made by the appellant were clearly admissible in evidence as statements made prior to any in-custodial interrogation. *Shy v. State,* 234 Ga. 816 (218 SE2d 599) (1975); *Davis v. State,* 135 Ga. App. 584 (5) (218 SE2d 297) (1975). In regard to the third

statement, the trial court held a Jackson-Denno hearing to determine its admissibility. At that hearing, G. B. I. agent Davis testified that prior to making his third statement, appellant was advised of his Miranda rights. G. B. I. agent Davis further stated that no threats, promises, coercion or other improper conduct which would void the statement were made. Following his testimony, the trial court ruled that the statement was freely and voluntarily made, and, therefore, admissible.

Unless factual credibility findings of a trial court in determining the voluntariness of a defendant's statement or confession are shown to be clearly erroneous, those findings must be accepted by this court. *Natson v. State,* 242 Ga. 618 (1978); *Hurt v. State,* 239 Ga. 665 (2) (238 SE2d 542) (1977); *Johnson v. State,* 233 Ga. 58 (209 SE2d 629) (1974).

We have carefully reviewed the evidence submitted to the trial judge in this case and find that his determination was not clearly erroneous. We will not disturb his ruling.

Notwithstanding, appellant argues that his third statement was inadmissible because appellant was not told why he was placed under arrest at the time of his making that statement. The same contention was raised by appellant in his first appeal to this court and found to be without merit because appellant's second statement indicated that he "knew he was under investigation. . . at the time of his arrest and third statement." *Davis,* 240 Ga. 763, supra, at 766. For this reason, we find appellant's argument again without merit.

Further, the appellant contends that all of the statements made by him were immaterial and irrelevant as they had no bearing on the sentencing phase of trial. This contention is without merit because in the sentencing phase of trial the jury, in reaching a determination of the sentence to be imposed, is authorized to consider *all* the facts and circumstances of the case including all statements or confessions made by the appellant.

Appellant's sixth enumeration of error is, therefore, without merit.

6. In his seventh enumeration of error appellant

contends that the trial court erred in overruling his motion for mistrial after G. B. I. agent Davis testified that he had arrested the appellant as a result of a conversation with co-indictee Eddie Spraggins.

At trial, the prosecutor asked G. B. I. agent Davis why the appellant was placed under arrest. The witness replied, "As a result of the conversation with Eddie Spraggins where I learned how Freddie had induced Eddie into killing Frances Coe." Following appellant's motion for mistrial, the trial court instructed the jury that any reference made by G. B. I. agent Davis during his testimony concerning a confession, admission or statement by a co-conspirator was to be considered in order to explain conduct or motive and for the purpose of explaining why agent Davis arrested the appellant.

Although the out-of-court statement of co-defendant Spraggins implicating appellant constitutes hearsay, the statement was not admitted to prove the truth of the matter asserted, but rather to explain why the investigating officer in the case arrested the appellant. Such testimony is admissible under Code Ann. § 38-302. *Teal v. State,* 234 Ga. 159 (214 SE2d 888) (1975); *Watkins v. State,* 231 Ga. 481 (202 SE2d 442) (1973). The trial court properly instructed the jury to consider the witness' testimony for the limited purpose for which it was introduced.

Appellant's seventh enumeration is, therefore, without merit.

7. In his eighth enumeration of error appellant contends that the trial court erred in allowing the state, over appellant's objection, to reopen its case in order to present the testimony of co-indictee Eddie Spraggins.

After the defense rested, the prosecution moved to reopen its case stating, "At the time I announced that I rested, I did not know at that time for sure whether or not Eddie Spraggins would be available to testify and would testify. He is willing to testify about what happened that night and I would like to put him on for that purpose." The trial court granted the prosecution's motion allowing the state to present additional evidence on direct, not rebuttal, recognizing that, "Any relevant evidence that could be presented to this jury so they can reach a valid

and just verdict should be heard. . ."

"Reopening evidence is in the sound discretion of the trial court and will not be disturbed when no abuse of discretion is shown. *Mobley v. State,* 221 Ga. 716 (146 SE2d 735) (1966); *Britten v. State,* 221 Ga. 97 (4) (143 SE2d 176) (1965); *Miller v. State,* 226 Ga. 730 (177 SE2d 253) (1970)." *Hurt v. State,* 239 Ga. 665 (8) (238 SE2d 542) (1977).

No abuse of discretion has been shown in this instance, and, therefore, we find appellant's enumeration of error to be without merit.

8. Appellant's ninth enumeration of error contends that the trial court erred in overruling his motion to strike the testimony of co-indictee Eddie Spraggins. Appellant argues that because Spraggins admitted, on cross examination, that he had not told the truth at his trial held two days earlier concerning his participation and that of appellant in the murder of Frances Coe, a showing had been made that Spraggins failed to understand the meaning of his oath and as such was incompetent to testify at appellant's trial.

The jury is the exclusive arbiter of the weight and credibility to be given the testimony of a witness. *Dean v. State,* 238 Ga. 537 (233 SE2d 789) (1977); *Wilkerson v. State,* 233 Ga. 798 (213 SE2d 663) (1975). See also, Code Ann. § 38-1805.

The trial court properly charged the jury concerning impeachment, credibility and the weight to be given the testimony of all witnesses, and it was up to the jury to determine, in light of the court's instructions, whether the testimony of Eddie Spraggins was to be believed.

9. In his final enumeration of error, appellant contends that the trial court erred in charging the jury concerning parties to a crime. Code Ann. §§ 26-801 and 26-802. Appellant argues that the jury's only function was to determine sentence, not guilt or innocence, and, therefore, such a charge was prejudicial in that the jury could infer from the charge given that appellant's punishment should be the same as that which co-indictee Spraggins had received.

As we read the charge it was beneficial to appellant in that the jurors were made aware of the fact that more

than one person had participated in the crime. Such a charge permitted the jury to consider this as a mitigating circumstance should they have found that appellant's participation was not as severe as that of co-indictee Eddie Spraggins.

Further, during the sentencing phase of trial, the jurors were entitled to know the exact role appellant played in the murder, and, therefore, were properly instructed that more than one person may have been involved in the commission of the offense for which the appellant was charged. With this in mind, the jury could assess the degree of appellant's participation and could determine, in view of co-indictee Spraggins' testimony, whether the appellant should be accorded mercy.

The charge on parties to a crime was a correct statement of the law, was called for under the facts and was relevant and material to a determination by the jury of the sentence to be imposed.

Appellant's enumeration of error is, therefore, without merit.

10. Sentence Review. Our sentence review has included consideration of the aggravating circumstances found by the jury and the evidence introduced in court concerning the crime and the defendant. After a thorough review of the record and transcript of trial, we conclude that the sentence of death imposed on Freddie Davis was not imposed under the influence of passion, prejudice or any other arbitrary factor. Code Ann. § 27-2537 (c) (1).

The jury found the following statutory aggravating circumstances: (1) "The offense of murder was committed while the offender was engaged in the commission of an additional capital felony, to-wit: the rape of Frances Coe" Code Ann. § 27-2534.1 (b) (2). (2) "The offense of murder was outrageously and wantonly vile, horrible and inhuman in that it involved torture, depravity of mind on the part of the defendant, or an aggravated battery to the victim." Code Ann. § 27-2534.1 (b) (7). Both of these statutory aggravating circumstances are supported by the evidence. Code Ann. § 27-2537 (c) (2). We find no double jeopardy violation in submitting an additional aggravating circumstance to the jury for its consideration at the resentencing trial. *Redd v. State,* 242 Ga. 876

(1979).

Further, we have reviewed the instructions of the trial court during the sentencing phase of appellant's trial and find that the charge as given was not subject to the defects dealt with in our decisions in *Fleming v. State,* supra, and *Hawes v. State,* supra.

In reviewing the death penalty in this case, we have considered the cases appealed to this court since January 1, 1970, in which a death or life sentence was imposed for murder, and we find the similar cases listed in the appendix support affirmance of the death penalty.

Freddie Davis' sentence to death for murder is not excessive or disproportionate considering both the crime and the defendant. Code Ann. § 27-2537 (c) (3). The verdict is factually supported.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 21, 1978 — DECIDED JANUARY 24, 1979.

*Ted A. Schumacher,* for appellant.

*William F. Lee, Jr.,* District Attorney, *Arthur K. Bolton,* Attorney General, *John W. Dunsmore, Jr.,* Assistant Attorney General, for appellee.

APPENDIX.

*House v. State,* 232 Ga. 140 (205 SE2d 217) (1974); *Gregg v. State,* 233 Ga. 117 (210 SE2d 659) (1974); *Floyd v. State,* 233 Ga. 280 (210 SE2d 810) (1974); *Chenault v. State,* 234 Ga. 216 (215 SE2d 223) (1975); *Smith v. State,* 236 Ga. 12 (222 SE2d 308) (1976); *Birt v. State,* 236 Ga. 815 (225 SE2d 248) (1976); *Coleman v. State,* 237 Ga. 84 (226 SE2d 911) (1976); *Isaacs v. State,* 237 Ga. 105 (226 SE2d 922) (1976); *Dungee v. State,* 237 Ga. 218 (227 SE2d 746) (1976); *Banks v. State,* 237 Ga. 325 (227 SE2d 380) (1976); *Young v. State,* 239 Ga. 53 (236 SE2d 1) (1977); *Gaddis v. State,* 239 Ga. 238 (236 SE2d 594) (1977); *Peek v. State,* 239 Ga. 422 (238 SE2d 12) (1977); *Bowden v. State,* 239 Ga. 821 (238 SE2d 905) (1977); *Westbrook v. State,* 242 Ga. 151 (249 SE2d 524) (1978); *Finney v. State,* 242 Ga. 582 (1978).

HILL, Justice, concurring.

At defendant's first trial, only one aggravating circumstance was submitted to the jury for its consideration, and the jury imposed the death penalty on that ground, namely that the murder was committed while the defendant was engaged in the commission of another capital felony. On appeal, that death penalty was set aside due to insufficient jury instructions. *Davis v. State,* 240 Ga. 763 (243 SE2d 12) (1978).

At the resentencing trial, two aggravating circumstances were submitted to the jury and they found both, namely that the murder was committed while the defendant was engaged in the commission of another capital felony and that the murder was outrageously and wantonly vile, horrible and inhumane in that it involved torture, depravity of mind on the part of the defendant, or an aggravated battery to the victim.

In reviewing the death penalty as provided by statute, Code Ann. § 27-2537 (a) (b) (i), we must determine whether it is permissible to add an aggravating circumstance at the resentencing trial as was done here and as was done in *Redd v. State,* 242 Ga. 876 (1979) (see footnote 2).

I conclude that it is permissible to add previously omitted aggravating circumstances at a resentencing trial. We impliedly approved such procedure, without discussion, in *Arnold v. State,* 236 Ga. 534 (224 SE2d 386) (1976), when we authorized a retrial on the issue of punishment (236 Ga. at 542). A retrial as to punishment in *Arnold* could only have been based upon a previously omitted aggravating circumstance. It is because of cases like *Arnold* that I find the use of previously omitted aggravating circumstances to be permissible.

In *Arnold,* the defendant was sentenced to death based upon one aggravating circumstance which was found on appeal to be unconstitutionally vague. Under those circumstances it would be necessary to permit the use at retrial of previously omitted aggravating circumstances, or else simply to impose a life sentence. Under such circumstances the use of previously omitted aggravating circumstances does not offend fundamental fairness and the other alternative (automatic life

sentence) would be an unwarranted reward which could have an adverse impact. See North Carolina v. Pearce, 395 U. S. 711, fn. 18 (89 SC 2072, 23 LE2d 656) (1969).

I therefore find that previously omitted aggravating circumstances may be used at a resentencing trial and I concur in the judgment affirming the imposition of the death penalty in this case.