## 77023. THAYER v. THE STATE.
## 77024. HALL v. THE STATE.
### (375 SE2d 460)

BEASLEY, Judge.

Defendants, husband and wife, appeal their convictions on nine counts of violations of the Georgia Securities Act, OCGA § 10-5-12. Four counts involved violations of OCGA § 10-5-12 (a) (1) where in a series of transactions involving instruments constituting securities within the meaning of the law, defendants failed to comply with the registration statement requirements of OCGA § 10-5-5 as to securities which were not exempt under OCGA §§ 10-5-8 or 9. The fifth count involved defendant Thayer not being registered as a dealer or salesman under OCGA § 10-5-3. The remaining four counts concerned violations of OCGA § 10-5-12 (d) (1) under which it is unlawful for any person in connection with the offer, sale or purchase of any security, directly or indirectly, to employ any device, scheme or artifice to defraud.

There are fifteen enumerations of error which may be broken down into six basic grounds. 1. There was no venue in Fayette County [enumerations of error one through five]. 2. The court erred in denying defendants' motion for change of venue based upon unfavorable pre-trial publicity [enumerations of error six and seven]. 3. The court erred in failing to sequester a witness for the State and in not requiring him to testify first [enumerations of error eight through ten]. 4. The district attorney was erroneously allowed to make prejudicial remarks, ask leading questions and bolster the testimony of the State's witnesses [enumerations of error eleven through thirteen]. 5. A wit-

ness for the state was erroneously permitted, over objection, to testify that in his opinion venue was proper in Fayette County [enumeration of error fourteen]. 6. Defendants were deprived of due process of law in that they were denied the right to a timely appeal [enumeration of error fifteen].

1. Because lack of venue would result in reversal of these appeals and an end of any proceedings in Fayette County, this is the first issue on our agenda. Prior to trial and by motion for directed verdict during trial, defendants sought dismissal on the ground that venue did not lie in Fayette County because neither of them had been in Fayette County and there was no basis for jurisdiction there. These motions were overruled.

"The proof of venue is an essential element in proving guilt in a criminal case." *Bush v. Chappell*, 225 Ga. 659, 660 (171 SE2d 128) (1969). Accord *Newsom v. State*, 183 Ga. App. 339 (1) (359 SE2d 11) (1987). "[L]ike every other material allegation in the indictment it must be proved beyond a reasonable doubt." *Royster v. State*, 108 Ga. App. 269, 270 (1) (132 SE2d 830) (1963); *Dickerson v. State*, 186 Ga. 557, 559 (2) (199 SE 142) (1938). "Where venue is not established by the [S]tate, any ensuing judgment is void, although reversal of a conviction on this basis does not prevent retrial in a court where venue is proper and proven." *Trogdon v. State*, 176 Ga. App. 246, 247 (1) (335 SE2d 481) (1985).

OCGA § 10-5-15 specifies venue for violations of the Georgia Securities Act of 1973 (OCGA Ch. 10-5): "For the purposes of venue for any . . . criminal action under this chapter, any violation of this chapter . . . shall be considered to have been committed in any county in which any act was performed in furtherance of the transaction which violated the chapter."

The defendants were never personally in Fayette County and the question is whether they performed any act in furtherance of the various illegal transactions with which they were charged in Fayette County. "An act is defined as 'that which is done or doing; the exercise of power or the effect of which power exerted is the cause; a performance; a deed.' Webster. 'Something done or established.' Bouvier." *Green v. State*, 109 Ga. 536, 540 (1) (35 SE 97) (1899).

The victim Dobozy's contact with defendants was initiated when he received in the mail a Clayton County newspaper which contained an advertisement for C & S Venture Capital. He called the telephone number listed in the advertisement, left a message and was subsequently called back by Charles Thayer who identified himself as Charles Hall. Several conversations ensued and in response to Dobozy's inquiries a letter was sent to him in Fayette County by way of Federal Express. The letter written by Charles Hall contained information purporting to describe the history and manner of operation

of C & S, but in fact most of the material was either false or misleading. Dobozy decided to invest and delivered $2,500 in Cobb County where the C & S office was located. He received by Federal Express a certificate of deposit evidencing his investment. Dobozy received numerous telephone calls in Fayette County from Charles Hall which resulted in his investing money in various other opportunities, including an investment contract consisting of an interest in rights to a fishing lure patent, a short-term note which was supposed to yield $2,000 profit in fifteen days and an investment contract for $10,000 in a house-moving project which promised a return of $25,000. All the face-to-face encounters occurred in Cobb County or locations other than Fayette County. Even after defendant Thayer was arrested, Dobozy received a Western Union Mailgram in Fayette County from "Charles" which stated although he was "tied up for 30 days," he would send "both agreements on our business."

The State contends that, by placing the advertisements in the newspaper soliciting business which was received by Dobozy in Fayette County, by numerous telephone calls to Dobozy's home which sought to, and did, obtain money from him, and by sending the letter with information and the purported certificate of deposit to Dobozy, defendants performed acts in furtherance of the transactions as described in OCGA § 10-5-15. Georgia authority supports this very liberal and far-reaching construction of the term "act."

*Rose v. State*, 4 Ga. App. 588, 598 (2) & 599 (3) (62 SE 117) (1908) [disapproved by *R.M. Rose Co. v. State*, 133 Ga. 353 (65 SE 770) (1909), on the basis of the Commerce Clause of the Federal Constitution, not the grounds here discussed], held that, with regard to a letter soliciting the sale of liquor, venue lay where the letter was delivered and received. Analogy was offered as to one standing in one jurisdiction and shooting a person in another jurisdiction, venue being properly found where the bullet took effect; the same result would follow from the mailing of a letter containing poison. The court also relied upon cases from other states and jurisdictions in which the crime was punishable where the letter was received: a threatening letter, or one based upon false pretense or fraudulent representation or in the case where a postmaster was mailed a letter soliciting him to violate his official duty.

In *Carter v. State*, 143 Ga. 632, 639 (3) (85 SE 884) (1915), venue was found to be in the county where a telegram was received. The court held the telegraph company was the sender's agent, that the company's delivery was his and he was constructively present with his agent in its delivery. The court reasoned that when an absent party procures something to be done within the limits of a particular jurisdiction he is amenable to its jurisdiction because of his "act by procuration."

Both of these cases were cited in *Overcash v. State*, 111 Ga. App. 549, 550 (2) (142 SE2d 306) (1965), when this court declared that venue lay in the county where an obscene telephone call was received. They were also relied upon in *Bowler v. State*, 145 Ga. App. 633, 635 (2) (244 SE2d 142) (1978), a securities violation case involving the Act of 1957. Bowler contended that there was no venue in DeKalb County because he never went there or sent an agent to the county. Noting that part of the scheme to defraud was to mail the offering circular and an application to prospective customers and, after receiving payment, to mail the certificate to the purchaser, it was held that "venue of a crime committed by mail is at the point where the matter transmitted by mail is delivered and takes effect." The court further observed: "the essence of the offense was the communication to prospective customers of representations known to appellant to be false. When the representations were communicated to persons in DeKalb County, the scheme to defraud was then and there employed." Id. at 636.

Predicated on the reasoning of the above cases, defendants did deliberately perform acts which they intended to have effect in Fayette County, in furtherance of the transactions with which they were charged there. The victimization occurred there. The various acts of communication were incomplete in the statutory sense, until they took effect when they were received. Defendants utilized the communication facilities as their agents, activating them for delivery of the messages. Thus the Halls were constructively present in the county as described in *Carter*, supra. They cannot complain that the protection of the venue statute was not afforded, *Platt v. Minn. Mining &c. Co.*, 376 U. S. 240, 245 (84 SC 769, 11 LE2d 674) (1964), for they chose to act in such a manner that their acts would reach fruition in Fayette County. Thus, there was evidence to sustain venue in Fayette County.

2. Prior to trial defendants filed a motion for change of venue based upon unfavorable and prejudicial pretrial publicity foreclosing a fair and impartial jury. The motion was denied after an unrecorded hearing. Defendants contend that the hearing was premature and the failure to make a voir dire record showed that trial counsel was ineffective. This is not shown by the record.

A change of venue under OCGA § 17-7-150 is within the trial court's discretion which is conclusive absent abuse. *Baker v. State*, 245 Ga. 657, 659 (2) (266 SE2d 477) (1980). Defendants having failed to establish that an impartial jury could not be obtained in the county, there is no basis for reversal. *Miller v. State*, 141 Ga. App. 382, 383 (2) (233 SE2d 460) (1977).

3. At the beginning of trial neither side made a request for sequestration of the witnesses. The State then asked the trial court if the investigating officer could remain in the courtroom since he was

needed to assist the prosecuting attorney and also related that the officer would probably be the second or third witness. He asked that the detective be permitted to testify following other witnesses because his involvement came as an investigator and only after the alleged offenses occurred. Defendants objected stating "he should be sequestered along with the other witnesses." The trial court permitted the officer to remain and informed the State's attorney that "you can call him in whatever order that you'd like to call him." The victim and two other witnesses testified first, and the detective testified last. The motion for mistrial by defendants on the same ground was overruled.

OCGA § 24-9-61 provides for sequestration of witnesses upon motion by a party, but the trial court has sound discretion to make exceptions to that rule, and only abuse will warrant reversal. *Disby v. State*, 238 Ga. 178 (1) (231 SE2d 763) (1977). Although it is better to call that witness first so as to obviate the issue, we find no abuse in this case. The State, of course, takes the risk that the witness' credibility will be affected. See *Pippins v. State*, 224 Ga. 462, 464 (162 SE2d 338) (1968).

In *McNeal v. State*, 228 Ga. 633, 637 (4) (187 SE2d 271) (1972), defendant excepted to the trial court's permitting a detective witness for the State to remain in the courtroom, after the invocation of the sequestration rule, and in refusing to direct that he be called as the State's first witness. The Supreme Court noted, in holding that there was no abuse: "The State's attorney stated that it was necessary for the proper presentation of the evidence that [the detective], who investigated the case, remain in the courtroom and assist in the case." No error was found in not requiring that he testify first. Accord *Norman v. State*, 255 Ga. 313, 316 (3) (338 SE2d 249) (1985); *Welch v. State*, 251 Ga. 197, 201 (7) (304 SE2d 391) (1983); *Disby*, supra; *Fountain v. State*, 228 Ga. 306, 307 (3) (185 SE2d 62) (1971). This case joins those.

4. Defendants contend that certain statements and questions posed by the prosecutor, none of which were made during argument to the jury but during examination of witnesses, constituted statements of prejudicial matters not in evidence, forbidden by OCGA § 17-8-75. Because the Code section applies where a prejudicial remark has been made in the form of a question, *Castell v. State*, 250 Ga. 776, 789 (301 SE2d 234) (1983), and *Hamilton v. State*, 155 Ga. App. 799, 800 (2) (272 SE2d 763) (1980), we examine each instance in its context.

Two of the questions by the prosecutor were objected to on the ground that they were leading. Objection was offered on the ground that the State was testifying, when the prosecutor attempted to state in his place a fact in order to clarify the circumstances concerning the introduction of a document to which objection had been interposed.

Another statement was made while the prosecutor was replying to another objection and recited what he was trying to establish. There were no objections to other statements contended to be prejudicial so they are not at issue. *Morris v. State*, 200 Ga. 471, 480 (37 SE2d 345) (1946).

It is not improper to state what one intends to prove and to argue reasons for admission. *York v. State*, 42 Ga. App. 453, 456 (15) (156 SE 733) (1930); *Corbitt v. State*, 7 Ga. App. 13 (5) (66 SE 152) (1909). Objections different from grounds urged on appeal will not be considered. *Kingston v. State*, 127 Ga. App. 660, 661 (2) (194 SE2d 675) (1972). Besides, none of the questions or colloquoy amounted to statements of prejudicial matter.

5. A witness recited that he suggested to the victim that he bring charges in Fayette County because the victim was a resident of that county and the initial solicitation or offer of the original investment occurred there. Defendants objected because "he's trying to conclude a—facts before this jury. Whether that was an offer, whether that was an advertisement or what, is a question of venue."

The advice given and the explanation of the reasons the suggestion was made were not a legal conclusion, as defendants urge.

6. Defendants fail to show that they were deprived of due process of law under the federal constitution because of appellate delay. *Graham v. State*, 171 Ga. App. 242, 249 (7) (319 SE2d 484) (1984). Compare 1983 Ga. Const., Art. VI, Sec. IX, Par. I. The fifteen-month period between conviction and filing of the transcript is their targeted period. Appellants also mention the one-year lapse between the conviction and the withdrawal of original appellate counsel. The harm, they claim, was "unnecessary incarceration." Although the transcript was in fact long overdue, OCGA § 5-6-42, there is nothing to indicate that the appellants fulfilled their obligation for a timely filing. They did not even comply with the requirement that they seek an extension. OCGA § 5-6-39. The delay lies at their doorsteps and was lengthened by obtaining an extension for filing the enumeration of errors and brief in this court.

7. Defendant Susan Hall was not charged in Count Five and her conviction and sentence under that count are utterly void. The judgment in 77024 must be reversed in part with direction that her sentence under Count Five be set aside.

*Judgment affirmed in 77023; judgment affirmed in part and reversed in part with direction in 77024. Birdsong, C. J., and Banke, P. J., concur.*

ON MOTION FOR REHEARING.

Movants have cited no new authority and furnish no new basis

for overturning our decision. With regard to the contention that we overlooked two cases previously cited in briefs to this court, the following observations are pertinent. A decision by a federal circuit court is not binding but may be persuasive; however, it has no efficacy if it contravenes our appellate decisions. Concerning *Whitfield v. State,* 143 Ga. App. 779 (240 SE2d 189) (1977), insofar as it conflicts with decisions of the Georgia Supreme Court it must yield to them. 1983 Ga. Const., Art. VI, Sec. VI, Par. VI.

*Motion for rehearing denied.*

DECIDED NOVEMBER 1, 1988 —
REHEARING DENIED NOVEMBER 18, 1988 — ▇▇▇▇▇▇

*Janet G. Scott, Michelle G. Lundy,* for appellants.

*Johnnie L. Caldwell, Jr.,* District Attorney, *J. David Fowler,* Assistant District Attorney, for appellee.