BROWN vs. THE STATE OF GEORGIA.

1. The evidence in this case was not sufficient to show beyond a reasonable doubt that the defendant was guilty of rape.
(a.) Penetration and emission were required by the old law to be proved, but slight penetration is sufficient.
2. For the purpose of impeaching witnesses, their testimony on the committing trial may be proved as well by one who heard it as by the notes or memoranda of the evidence taken by the court.
(a.) The loss or absence of testimony taken by the committing court was shown in this case.

March 30, 1886.

Criminal Law. Rape. Verdict. Witness. Evidence. Before Judge CARSWELL. Washington Superior Court. September Term, 1885.

Ben Brown was indicted for the rape of one Sarah Edwards. On the trial, the evidence on the behalf of the state was, in brief, as follows: On Friday, May 10, 1884, the defendant hoed cotton all day with Bill Edwards, his wife and daughter, Sarah, who was eleven years of age. Late in the afternoon, the defendant asked the father and mother to let Sarah go home and get him a little supper, and then went to the house, followed by Sarah. Shortly after supper, Sarah went to bed, leaving the defendant sitting up. After she had been asleep for sometime, she did not know how long, she woke up and found somebody on top of her, hurting her private parts. The injury caused them to bleed. She could not tell what the hurting was caused by, nor who the person was that caused it, it being dark. The father and mother remained away all night fishing, and returned the next morning about two hours after sun-up. The mother testified that she found her daughter in bed, and asked what was the matter, to which the child responded that she was sick. About twelve or one o'clock on that day, on being inquired of, she told her mother what had happened. The latter thereupon examined her and found blood on her underclothes and privates,

the latter being torn and inflamed. The mother denied that either she or her husband had offered to settle the case with the defendant for $10. She denied also that, on the committing trial, she stated that when she arrived at home, she found her daughter under the house. She did not know whether any one else was at the house that night or not. They saw the defendant again on Sunday.

The evidence on behalf of the defendant was, in brief, as follows: The committing trial took place sometime in August, 1884. The mother of Sarah proposed to compromise the case with the defendant for $10. Before the committing trial, Sarah told the magistrate that the defendant raped her, that it occurred on the floor before the fire-place, and that she ran under the house to escape from him; and the mother stated that her daughter was twelve years old. Another witness testified that the defendant went with her, on the evening of the day when the offense was alleged to have been committed, to a house which was about two hundred yards distant from that where the Edwardses lived, ate supper, and staid there until about ten o'clock; that Edwards and his wife went fishing on the night of the occurrence, and that the defendant told her that Edwards asked him to stay all night with the daughter; that she saw the defendant at their house a little after sun-up the next morning; that Sarah told her that the defendant talked to her as if she was a grown woman, and that her father made her swear against the defendant in court. A physician testified that he examined the girl at the time of the committing trial, and saw nothing to indicate that she had ever been injured; that there was no laceration or abrasion of her privates, at least, no sign of anything sufficient to cause bleeding, or rupture of the hymen; that it was possible that penetration might occur without doing so, but it would have to be very slight; and that the girl appeared to be sufficiently well developed to menstruate.

The jury found the defendant guilty, and recommended him to mercy. He moved for a new trial, on the grounds

that the verdict was contrary to law, evidence and the weight of evidence, and because the court refused to permit him to show by the magistrate who heard the case on the committing trial, that the mother of the girl then testified that, when she returned home, she found her daughter under the house, where she had run for concealment and escape. This testimony was objected to, on the ground that the evidence on the committing trial had been reduced to writing, and that the writing was higher evidence than the parol statement of the magistrate. That officer stated that he had delivered the testimony so taken down to the then solicitor general. Counsel for the defendant then asked the clerk and the present solicitor general for the testimony, but they replied that they did not have it and did not know where it was. The court held that sufficient diligence to obtain it had not been shown, and rejected the testimony of the witness.

The motion was overruled, and the defendant excepted.

EVANS & EVANS; HARRIS & ANDERSON; J. A. ROBSON, for plaintiff in error.

OSCAR H. ROGERS, solicitor general, by JAMES K. HINES, for the state.

BLANDFORD, Justice.

A motion for new trial having been made and the same denied, the defendant excepted, and we are called upon to review this motion.

The plaintiff was indicted for the offense of rape, and found guilty, and the motion claims that this verdict is not sustained by the evidence, and so it appears to this court.

1. In a criminal case, the testimony which is necessary to produce a conviction must be so strong and satisfactory as to exclude from the minds of the jury every reasonable doubt as to defendant's guilt. *Penetratio corporis et*

*emissio seminis* was required by the old law to be proved, but slight penetration is sufficient.    54 *Ga.*, 440.

This case, as shown by the evidence, leaves it not only doubtful as to the guilt of the accused, but the weight and preponderance of the testimony show that he is not guilty of the offense with which he was charged.

2. When the foundation was laid to impeach two of the state's witnesses by asking them if they had not testified to certain material things before the court of inquiry, the court refused to allow the presiding justice in such court to prove that these witnesses had so testified before such commiting court, contradicting what the witnesses testified to at the trial before the superior court, because the testimony had been taken down in writing before the committing court.

We think this was error.    What a witness may have testified to can be proved, in such a case, as well by one who heard it as by the notes or memorandum of the evidence taken down by the court.    See *Williams vs. The State*, 69 *Ga.*, 11.    This differs from an approved record, where all the facts are taken down and scrutinized by the counsel for the parties, and approved by the court, and become a matter of record.    It also differs from a voluntary statement made by the accused before a committing court, which the law requires the magistrate to take down in writing and return to the superior court.    *Cicero vs. The State*, 54 *Ga.*, 156.

The loss or absence of the testimony taken by the committing court was shown in this case.    Under the law, such brief is required to be furnished for the guidance and convenience of the solicitor general.

Judgment reversed.