## BONNER *v.* THE STATE.

HAWKINS, Justice. 1 "It is a well-established rule in this State that it is not essential to a conviction of rape that the evidence show that the vagina was entered or that the hymen was ruptured, but that this element of the offense is sufficiently established if the proof show only a slight penetration of the anterior of the female sexual organ, known as the vulva or labia, by the sexual organ of the male. *Lee* v. *State,* 197 *Ga.* 123 (28 S. E. 2d, 465); *Addison* v. *State,* 198 *Ga.* 249 (31 S. E. 2d, 393)." *Dean* v. *State,* 204 *Ga.* 759 (51 S. E. 2d, 840). Nor is it essential that the penetration of the female sexual organ be by the erected sexual organ of the male, or that there be an emissio seminis, which is commonly regarded as the climax of the sexual act and its completion, but this penetration of the female organ may be by an unerected penis inserted by the use of the fingers, if this be done forcibly and against the will of a female 14 or more years of age. Code, § 26-1301; *Morris* v. *State,* 54 *Ga.* 440; *Brown* v. *State,* 76 *Ga.* 623; *Fouts* v. *State,* 175 *Ga.* 71 (165 S. E. 78).

2. "Force is an element of the crime of rape, but it may be exerted not only by physical violence but also by threats of serious bodily harm which overpower the female and cause her to yield against her will." *Vanderford* v. *State,* 126 *Ga.* 753 (5) (55 S. E. 1025). There was ample evidence in this case to support the verdict, and the trial court did not err in overruling the general grounds of the motion for a new trial. *Melton* v. *State,* 184 *Ga.* 343 (3), (191 S. E. 91); *Berry* v. *State,* 185 *Ga.* 334 (195 S. E. 172); *Byrd* v. *State,* 187 *Ga.* 328 (200 S. E. 671).

3. While the indictment for rape in this case includes a charge of the lesser offense of assault and battery, the evidence on behalf of the State, if true, proved the completed offense of rape, and the defendant contended that there was no rape, but that what occurred on the occasion in question was with the consent of the female based upon a meretricious transaction in consideration of ten dollars paid her by the defendant. The offense of assault and battery was, therefore, not involved, and the only special ground of the amended motion for a new trial, complaining because the trial judge, without any request therefor, failed to charge the jury the law of assault and battery, is without merit. *Moore* v. *State,* 151 *Ga.* 648 (5) (108 S. E. 47); *Gorman* v. *State,* 183 *Ga.* 307 (5) (188 S. E. 455); *Holmes* v. *State,* 194 *Ga.* 849, 853 (5) (22 S. E. 2d, 808); *Andrews* v. *State,* 196 *Ga.* 84, 86 (12) (26 S. E. 2d, 263).

*Judgment affirmed. All the Justices concur.*

No. 16778. OCTOBER 10, 1949.

*W. O. Cooper Jr.,* for plaintiff in error.

*Eugene Cook, Attorney-General, Charles H. Garrett, Solicitor-General, W. M. West,* and *J. R. Parham, Assistant Attorney-General,* contra.