## 32619. DAVIS v. THE STATE.

HILL, Justice.

This is a death case. Defendant Freddie Davis was convicted by jury in Meriwether County of murder and

rape. He was sentenced to death for the murder and was given a life sentence for rape.

This case is a companion case to *Spraggins v. State,* 240 Ga. 759 (1978), and although the trials were separate, the state's evidence was substantially identical as to material particulars and hence the basic facts are reported in the *Spraggins* opinion. Suffice it to say here that the victim's semi-nude, mutilated body was found in her bedroom.

At this trial, defendant Davis testified that he waited outside the victim's house for 20 or 30 minutes while Eddie Spraggins was inside, and that he (Davis) was afraid of Spraggins. The defendant admitted furnishing his knife to Spraggins and admitting throwing the knife away the next day. Evidence for the state had shown that when first interviewed by law enforcement officers, Davis had said he and Spraggins were together on the night of the murder, but at that interview he did not admit having knowledge regarding the murder. His second statement to officers was consistent with his trial testimony. In his third statement he admitted participating in the murder. Blood of Davis' type as well as of the victim's and Spraggins' was found in the bedroom.

The defendant urges seven enumerations of error.

1. The defendant argues that the trial court erred in allowing retained counsel only four days after arraignment to file defensive motions, and erred in denying the defendant's motion for continuance or postponement.

The defendant was arrested on February 3, 1977, and counsel was appointed for him that day. Defendant informed appointed counsel that he would retain counsel. Counsel was not retained, however, until February 23. At arraignment on February 25, counsel was allowed four days to file defensive motions. Trial commenced March 3, 1977, after Spraggins' trial.

The defendant did not point out to the trial court any defensive motion he would have made but was unable to make because of the four-day time limit. He does not urge that on the fourth day he moved for more time to file defensive motions. No abuse of discretion has been shown as to the requirement that defensive motions be filed

within four days after arraignment.

Insofar as the motion for continuance is concerned, defendant seeks to urge on appeal that more time was needed for his counsel to study the subject of blood testing and typing, to study the autopsy report, to prepare to defend against the rape charge, and to prepare requests for charge. None of these topics was mentioned in defendant's motion for continuance. When the motion was argued, however, after the Spraggins trial, several of them were urged as grounds for continuance. However, no showing was made on motion for new trial or on appeal as to how additional time would have benefited defendant or how the lack of time harmed him. Defendant does contend here that the evidence as to rape was circumstantial. At trial defense counsel told the jury that the state's evidence showed that there probably was a rape. In sum, no abuse of discretion has been demonstrated in the denial of the motion for continuance. *Smith v. State,* 235 Ga. 620, 621 (221 SE2d 41) (1975); *Pulliam v. State,* 236 Ga. 460, 462 (224 SE2d 8) (1976); *Dobbs v. State,* 236 Ga. 427 (224 SE2d 3) (1976).

2. The courthouse in Meriwether County was destroyed by fire about a year before the defendant's trial, which was held in a gymnasium. Defendant alleges that the trial court erred in denying his motion to remove trial to a proper courtroom. He urges that a death penalty case should not be conducted in undignified surroundings, with the judge sitting beneath a basketball net and spectators in the bleachers.

Code Ann. § 27-1101 provides as follows: "All criminal cases shall be tried in the county where the crime was committed, except cases in the superior courts where the judge is satisfied that an impartial jury cannot be obtained in such county. When he becomes thus satisfied, he may change the venue for the trial." See also Code Ann. § 2-4306. Code Ann. § 24-3004 contemplates that cases tried at places other than at a courthouse shall be valid. See *Cook v. State,* 119 Ga. 108 (3) (46 SE 64) (1903).

Although the acoustics inside were poor and the road outside was noisy, there is no showing that the trial itself was conducted in a manner not befitting a judicial body. We find no error here.

3. The defendant alleges that the trial court erred in overruling his objection to a leading question calling for a conclusion asked by the state of one of its principal witnesses, an investigating officer. The question asked was: "Was there evidence that this house had been broken into or did it just appear whoever gained entry gained entry through the authorization or consent of Mrs. Coe?" The question is not leading. Insofar as it called for a conclusion or opinion, this was not the ultimate issue to be decided by the jury inasmuch as burglary was not charged, and the officer was an experienced investigator familiar with the facts. We find no error here.

4. The defendant asserts that the trial court erred in allowing the state, over defendant's objection, to present additional evidence during a Jackson-Denno hearing after the state announced it "rested." This, like many other matters relating to the conduct of the trial, is a matter which addresses itself to the discretion of the trial judge and we find no abuse of discretion here. *Hobbs v. State,* 229 Ga. 556 (4) (192 SE2d 903) (1972). See also *Pierce v. State,* 238 Ga. 126, 129 (231 SE2d 744) (1977), where we directed the trial court to reopen a Jackson-Denno hearing pending appeal.

5. The defendant made three statements to law enforcement officers. He was released after the first two statements and was not arrested until before the third statement. Shortly before making the third statement the defendant showed the officers where he had thrown the knife.

The defendant argues that his third statement was inadmissible because he was not told why he was under arrest at the time of making that statement. The defendant and the victim lived in the same neighborhood. His second statement and the investigation as to the location of the knife show that he knew he was under investigation for Miss Coe's murder at the time of his arrest and third statement. We find no error here. Collins v. Brierly, 492 F2d 735, 738 (3d Cir. 1974), cert. den. 419 U. S. 877.

6. The defendant urges that the trial court erred in overruling his objections to photographs taken at the scene of the crime depicting the victim's wounds. Such

photographs are admissible. *McCorquodale v. State,* 233 Ga. 369 (5) (211 SE2d 577) (1974); *Floyd v. State,* 233 Ga. 280, 283 (210 SE2d 810) (1974); *Moore v. State,* 240 Ga. 807 (1978).

7. *Sentence review.* The instructions to the jury during the sentencing phase of the trial were virtually identical to the jury instructions in *Spraggins v. State,* supra. For the reasons stated there, namely that the charge failed to comply with *Fleming v. State,* 240 Ga. 142 (240 SE2d 37) (1977), and *Hawes v. State,* 240 Ga. 327 (1977), we conclude that the jury was not adequately instructed regarding the imposition of the death sentence. Hence the penalty of death in this case must be vacated and a new sentencing trial allowed.

*Judgment affirmed as to convictions; reversed as to the death sentence. All the Justices concur, except Jordan, J., who dissents from the reversal of the death sentence.*

ARGUED SEPTEMBER 19, 1977 — DECIDED FEBRUARY 21, 1978.

*Schumacher, Collins & Oates, Ted A. Schumacher,* for appellant.

*William F. Lee, District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.

JORDAN, Justice, dissenting.

I dissent to the reversal of the death penalty for the reasons set forth in my dissent in *Redd v. State,* 240 Ga. 753 (1978).