### 34289. SPRAGGINS v. THE STATE.

BOWLES, Justice.

The appellant, Eddie Spraggins, was indicted by a grand jury in Meriwether County for the January 31, 1977, rape and murder of Frances Coe. He was tried by a jury and found guilty of both offenses.

In *Spraggins v. State,* 240 Ga. 759 (243 SE2d 20) (1978), appellant's conviction and life sentence for rape were affirmed. However, because the court in its sentencing instructions failed to make clear to the jury that they could recommend a life sentence even if they found the existence of a statutory aggravating circumstance (*Fleming v. State,* 240 Ga. 142 (240 SE2d 37) (1977)); and failed to inform the jury that they were authorized to consider mitigating circumstances, as

required by Code Ann. §§ 27-2534.1 (b) and 27-2534.1 (c), *(Hawes v. State,* 240 Ga. 327 (9) (240 SE2d 833) (1977)), appellant's sentence of death for murder was reversed and a new trial ordered on the issue of punishment.

Upon resentencing, the jury found that the murder was "outrageously and wantonly vile, horrible, and inhuman in that it involved torture and depravity of mind on the part of the defendant, or an aggravated battery to the victim." Code Ann. § 27-2534.1 (b) (7). A verdict was returned for the death penalty and appellant was sentenced to death.

The case is here on direct appeal and for mandatory review of the death sentence imposed. Code Ann. § 27-2537. The facts surrounding the murder and rape of Frances Coe are set out in *Spraggins v. State,* supra, and its companion case, *Davis v. State,* 240 Ga. 763 (243 SE2d 12) (1978).

1. In his first enumeration of error, appellant complains that the trial court erred in denying his motion for mistrial, made after the district attorney's request for the death penalty in closing argument. Appellant argues that the district attorney's statement violated Code Ann. § 27-2206, which forbids a prosecutor from arguing that a defendant may not be required to suffer the full penalty imposed by the court or jury, because pardon, parole or clemency of any nature may be granted. Although the trial judge overruled appellant's motion for mistrial, he did instruct the jury not to consider whether, if given a life sentence, appellant might be paroled.

We have reviewed the closing argument made by the district attorney and find it to be within the permissible range afforded to a prosecuting attorney who is seeking the death penalty. *Redd v. State,* 242 Ga. 876 (1979); *Mason v. State,* 236 Ga. 46 (222 SE2d 339) (1976); *Tamplin v. State,* 235 Ga. 20 (4) (218 SE2d 779) (1975).

Even assuming arguendo that the argument was improper, it was cured by the judge's corrective instruction. *Pryor v. State,* 238 Ga. 698 (7) (234 SE2d 918) (1977). The trial judge did not err in refusing to grant appellant's motion for mistrial.

2. Appellant complains that it was error to give to the jury a list of aggravating circumstances put forth by

the state to be carried with them into the jury room.

Code Ann. § 27-2534.1 (c) requires that the trial judge give the statutory instructions warranted by the evidence to the jury in its charge and in writing. There was evidence to support the aggravating circumstances given to the jury in the charge and in writing. *Harris v. State,* 237 Ga. 718 (230 SE2d 1) (1976); *Douthit v. State,* 239 Ga. 81 (6) (235 SE2d 493) (1977). As the law requires that the written list of aggravating circumstances as charged by the court be given to the jury for use in its deliberations, there is no merit to appellant's second argument. The form given to the jury in this case complied with the law and conformed to the evidence.

3. Appellant complains that the jury prepared its verdict in open court under the instructions of the district attorney.

A review of the transcript shows that the jury reached its verdict in the jury room. The foreman announced, in open court, that a verdict had been reached. Because the verdict form, when handed to the district attorney, had not been completed in accordance with the court's earlier instruction, the district attorney handed the form back to the foreman, and instructed her to strike out one of the two verdicts which did not apply. The court reiterated this instruction to the foreman. No objection was made by appellant.

We find no error. The foreman stated that the verdict had been reached in the jury room. The jurors were polled, and each answered that the verdict was his own, freely and voluntarily given. No harm is shown to have resulted from the instruction given.

Appellant's third enumeration of error is without merit.

4. Appellant complains that the trial court infringed on the jury's exclusive authority by instructing that, "It is not wise to immediately express a determination or insist upon a certain verdict." We do not agree with appellant's contention.

The court's instruction did not encroach on the jury's deliberation function. Appellant's fourth enumeration of error has no merit.

5. Sentence Review. Our sentence review has

included consideration of the aggravating circumstances found by the jury and the evidence introduced in court concerning the crime and the defendant. After a thorough review of the record and transcript, we conclude that the sentence of death imposed on Eddie Spraggins was not imposed under the influence of passion, prejudice or any other arbitrary factor. Code Ann. § 27-2537(c)(1).

The evidence supports the jury's finding of an aggravating circumstance, namely that the offense of murder was outrageously and wantonly vile, horrible and inhuman in that it involved torture and depravity of mind on the part of the defendant or an aggravated battery to the victim. No double jeopardy violations occurred in the court's submission to the jury of the list of aggravating circumstances to be considered on resentencing. *Redd v. State,* supra.

We have reviewed the instructions given by the trial judge on resentencing and find that they are not subject to the defects dealt with in our decisions in *Fleming v. State,* supra, and *Hawes v. State,* supra.

In reviewing the death penalty in this case, we have considered the cases appealed to this court since January 1, 1970, in which a death or life sentence was imposed for murder, and we find the cases listed in the appendix support affirmance of the death penalty.

Eddie Spraggins' sentence to death for murder is not excessive or disproportionate considering both the crime and the defendant. Code Ann. § 27-2537(c)(3). The verdict is factually supported.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 8, 1979 — DECIDED FEBRUARY 6, 1979.

*A. Vernon Belcher,* for appellant.

*Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General, William F. Lee, Jr., District Attorney,* for appellee.

APPENDIX.

*House v. State,* 232 Ga. 140 (205 SE2d 217) (1974); *Gregg v. State,* 233 Ga. 117 (210 SE2d 659) (1974); *Floyd v.*

*State,* 233 Ga. 280 (210 SE2d 810) (1974); *Chenault v. State,* 234 Ga. 216 (215 SE2d 223) (1975); *Smith v. State,* 236 Ga. 12 (222 SE2d 308) (1976); *Birt v. State,* 236 Ga. 815 (225 SE2d 248) (1976); *Coleman v. State,* 237 Ga. 84 (226 SE2d 911) (1976); *Isaacs v. State,* 237 Ga. 105 (226 SE2d 922) (1976); *Dungee v. State,* 237 Ga. 218 (227 SE2d 746) (1976); *Banks v. State,* 237 Ga. 325 (227 SE2d 380) (1976); *Young v. State,* 239 Ga. 53 (236 SE2d 1) (1977); *Gaddis v. State,* 239 Ga. 238 (236 SE2d 594) (1977); *Peek v. State,* 239 Ga. 422 (238 SE2d 12) (1977); *Bowden v. State,* 239 Ga. 821 (238 SE2d 905) (1977); *Westbrook v. State,* 242 Ga. 151 (249 SE2d 524) (1978); *Finney v. State,* 242 Ga. 582 (1978); *Davis v. State,* 242 Ga. 901 (1979).