## 34193. DAVIS v. THE STATE.
## 34289. SPRAGGINS v. THE STATE.

BOWLES, Justice.

The United States Supreme Court vacated the death sentences in the companion cases of *Davis v. State,* 242 Ga. 901 (252 SE2d 443) (1979) and *Spraggins v. State,* 243 Ga. 73 (252 SE2d 620) (1979) and remanded both cases for further consideration in light of Godfrey v.

Georgia, 446 U. S. —— (100 SC 1759, 64 LE2d 398) (1980), Davis v. Georgia, —— U. S. —— (1980), Spraggins v. Georgia, —— U. S. —— (1980).

Pursuant to the mandate of the Supreme Court of the United States we have considered both appellant Spraggins' sentence of death which rests upon Code Ann. § 27-2534.1 (b) (7) and Davis' sentence of death which rests partially upon Code Ann. § 27-2534.1 (b) (7).[1] We find material differences between Godfrey and the cases under review which distinguish this murder from the murder in Godfrey and from other "ordinary murders" for which the death penalty is not appropriate. See generally, *Hance v. State,* 245 Ga. 856 (268 SE2d 339) (1980); *Dampier v. State,* addendum, 245 Ga. 882 (268 SE2d 349) (1980).

Unlike the murder in Godfrey, death was not instantaneous, the victim was not related to either defendant, and the victim was in no way threatening nor hostile to the defendants. Both defendants had planned to rob the victim. Thereafter the defendants fled and made every effort to conceal their crimes.

Code Ann. § 27-2534.1 (b) (7) provides in pertinent part: "The offense of murder . . . was outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim." In *Davis v. State,* supra, and *Spraggins v. State,* supra, we held that the jury's finding beyond a reasonable doubt that the "murder was outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind of the defendant or aggravated battery to the victim" was supported by the evidence.

The evidence shows that the victim was raped and killed as part of a robbery scheme. The victim died from loss of blood. She had been beaten about the face and had been repeatedly stabbed, slashed and cut. Her throat was cut and the trachea was almost severed. She had been partially disembowelled. Death was not instantaneous but was prolonged. *Spraggins v. State,* 240 Ga. 759 (243 SE2d 20) (1978).

The victim was found with her sweater open, her slip pulled up

---

[1]While in *Spraggins v. State* the jury found as the sole aggravating circumstance Code Ann. § 27-2534.1 (b) (7), in *Davis v. State* the jury found two aggravating circumstances, Code Ann. § 27-2534.1 (b) (2) and Code Ann. § 27-2534.1 (b) (7). In *Godfrey,* the court was concerned with a sentence of death resting exclusively on Code Ann. § 27-2534.1 (b) (7). Godfrey v. Georgia, 446 U. S. —— (100 SC 1759, 64 LE2d 398) (1980). Therefore, under our decisions, the death penalty in *Davis v. State,* may be upheld upon Code Ann. § 27-2534.1 (b) (2). *Gates v. State,* 244 Ga. 587 (261 SE2d 349) (1979); *Burger v. State,* 245 Ga. 458 (265 SE2d 796) (1980). *Dampier v. State,* addendum, supra.

and her pantyhose and panties pulled down. Forensic evidence established that there could have been manipulation of the victim's sexual organs. Bruises were present on her thigh and near the vaginal opening. There was a tear in the vaginal wall and hemorrhaging around the urethra.

Torture occurs when the victim is subjected to serious physical abuse before death. Godfrey v. Georgia, supra; Hance v. State, supra. Serious sexual abuse may be found to constitute serious physical abuse, House v. State, 232 Ga. 140 (205 SE2d 217) (1974); Hance v. State, supra. A defendant who tortures the victim before killing the victim can be found to have a depraved mind.

A defendant who mutilates or seriously disfigures the victim's body after death, or who commits a sex act upon the victim's body after death may be found to have a depraved mind and such acts would be sufficient to show depravity of mind of the defendant within the meaning of Code Ann. § 27-2534.1 (b) (7). Hance v. State, supra.

Accordingly, this court holds that juries in both Spraggins v. State, supra, and Davis v. State, supra, were authorized to find, consistently with the United States Supreme Court's holding in Godfrey, that beyond a reasonable doubt the murder of the victim was of the type universally condemned by civilized society as "outrageously or wantonly vile, horrible or inhuman in that it involved torture or depravity of mind." See Burger v. State, 245 Ga. 458 (265 SE2d 796) (1980); Stevens v. State, 245 Ga. 583 (266 SE2d 194) (1980).

*Judgment imposing the death penalty in each case reaffirmed. All the Justices concur.*

DECIDED SEPTEMBER 24, 1980.

*Ted A. Schumacher, Woods, Bryan & Thomas, Larry D. Woods,* for appellant (Case No. 34193).

*A. Vernon Belcher, LeBouf, Lamb, Leiby & MacRae, Howard S. Ockman,* for appellant (Case No. 34289).

*William F. Lee, Jr., District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.