698 P.2d 207

**STATE of Arizona, Appellee,**

v.

**Michael Kent POLAND, Appellant.**

**No. 4969–2.**

Supreme Court of Arizona,
In Banc.

March 20, 1985.

414

Robert K. Corbin, Atty. Gen. by William J. Schaefer III and Gerald R. Grant, Asst. Attys. Gen., Phoenix, for appellee.

H. Kemp Wilhelmsen, Prescott, for appellant.

CAMERON, Justice.

Defendant, Michael Poland, was tried before a jury and found guilty of two counts of first degree murder in violation of A.R.S. § 13–1105(A)(1). He was sentenced to death under A.R.S. § 13–703. He appealed and we reversed the conviction because of jury misconduct. *See State v. Poland*, 132 Ariz. 269, 645 P.2d 784 (1982) (Poland I). Defendant was retried, convicted and again sentenced to death. He appeals. We have jurisdiction pursuant to Art. 6, § 5(3) of the Arizona Constitution, and A.R.S. §§ 13–4031 and 13–4035.

Defendant Michael Poland was retried jointly with his brother Patrick. The facts in Michael's case are the same as those set forth in the case of *State v. Patrick Poland*, 144 Ariz. 388, 698 P.2d 183 filed this day. They need not be repeated here.

With the few exceptions noted below, Michael raises the same issues on appeal as does Patrick. Since we have disposed of those issues in Patrick's case, we need not consider them again. We only note that as in Patrick's case, we found no error as to the issues raised.

We, therefore, consider only the following questions:

1. Did the trial court admit nonrelevant evidence to prove an aggravating circumstance?

2. Upon an independent review of the matter, is the imposition of the death penalty appropriate?

3. Is the imposition of the death penalty in this case disproportionate to the penalty in other first degree murder cases?

After trial, conviction and judgment of guilt, the trial judge held a hearing in aggravation and mitigation pursuant to A.R.S. § 13–703. The court found as aggravating circumstances:

a. That the offense was committed in "an especially heinous, cruel or depraved manner" § 13–703(F)(6), and

b. That the offense was committed in "consideration for the receipt, or in expectation of the receipt, of anything of pecuniary value." § 13–703(F)(5).

The court found as mitigating factors defendant's close family ties, and that he was a model prisoner. § 13–703(G). The mitigating factors were not found sufficiently substantial to call for leniency. § 13–703(E).

NONRELEVANT EVIDENCE

During the course of the trial, testimony was adduced that defendant was seen reading a manual of police procedures. Although the manual was not admitted at trial, it was admitted at the aggravation/mitigation hearing. The contested police manual discusses, *inter alia*, the use of handcuffs and chemical agents. Although use of such instruments, if proven, might have been relevant to the "heinous, cruel or depraved" aggravating circumstance of A.R.S. § 13–703(F)(6), their use was purely speculative. Since we find below that the aggravating circumstance of "heinous, cruel or depraved" was improperly found, the admission of the manual was not prejudicial. We find no error.

## INDEPENDENT REVIEW

■ This court will, in all death cases, make an independent review of the facts to determine for itself the aggravating and mitigating factors. *State v. Smith,* 138 Ariz. 79, 85, 673 P.2d 17, 23 (1983); *State v. Richmond,* 136 Ariz. 312, 317, 666 P.2d 57, 62, cert. denied, —— U.S. ——, 104 S.Ct. 435, 78 L.Ed.2d 367 (1983).

### A. Aggravating Circumstances

■ Defendant contends that the sentencing court erred in its findings that the murders in this case were "especially heinous, cruel or depraved." A.R.S. § 13–703(F)(6). From a review of the record, and for the same reasons set forth in *State v. Patrick Poland,* supra, we agree. *See also Poland I.*

■ The State has, however, proven beyond a reasonable doubt that defendant "committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value." A.R.S. § 13–703(F)(5). This circumstance is applied to murders having a "financial motivation." *State v. Villafuerte,* 142 Ariz. 323, 690 P.2d 42, 47 (1984); *State v. Graham,* 135 Ariz. 209, 212, 660 P.2d 460, 463 (1983); *State v. Clark,* 126 Ariz. 428, 436, 616 P.2d 888, 896, cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). Defendant obtained numerous items for the purpose of robbing the Purolator van and ultimately disposing of the guards' bodies. In particular, the purchase of the canvas bags in which the victims' bodies were found, indicates that their murders were contemplated during the planning of the robbery. It is clear, therefore, that these murders were part of an overall scheme to obtain items of pecuniary value. *State v. Nash,* 143 Ariz. 392, 405, 694 P.2d 222, 235 (1985).

### B. Mitigating Circumstances

Defendant raises two arguments relating to mitigating circumstances. First, he argues that the sentencing court's failure to find good reputation as a mitigating circumstance was error. We do not agree.

Defendant presented numerous letters written by family members and acquaintances attesting to his good reputation. This evidence was, however, contradicted by defendant's statements during trial that he engaged in numerous criminal activities including robbing drug dealers and selling illicit gems. Although the jury did not accept defendant's alibi that he was engaged in such a transaction at the time these offenses were committed, we are not required to ignore defendant's admissions that he had at other times engaged in criminal conduct.

■ Defendants have the burden of proving mitigating factors by a preponderance of the evidence. *State v. McMurtrey,* 143 Ariz. 71, 72–73, 691 P.2d 1099, 1100–1101, (1984). The court may take cognizance of evidence tending to refute a mitigating circumstance. *See State v. Smith,* 131 Ariz. 29, 638 P.2d 696 (1981). In light of conflicting evidence as to defendant's reputation, we do not believe that defendant has shown good reputation as a mitigating factor.

■ Defendant next attaches error to the sentencing court's discussion of close family ties as a mitigating circumstance. The trial court found the existence of this mitigating factor but stated:

The Court does find the close family ties of the—that exist between the Defendants' families and their children as a mitigating circumstance. I don't want this to be misconstrued as an opinion of this Court that this in fact made them good husbands and fathers. On the contrary, the exact opposite would be true. It would be impossible to conceive of good husbands and fathers committing crimes of this nature, and thereby bearing the aura of being a good family man. I suspect the only possible self-justification that may be available to you both is that you somehow did this for your children and families, but of course quite the opposite is the result, and you have in fact destroyed your families, and I suspect that the best thing that you could do at this point would be to admit to them that you have committed these offenses,

let them face up to it, let them try to prepare their lives in a manner that will permit them to exist in the future, otherwise you have destroyed them forever.

The court used defendant's close family ties as a mitigating circumstance but devalued it to the point that it was not "sufficiently substantial to call for leniency." *State v. Gretzler,* 135 Ariz. 42, 54, 659 P.2d 1, 13, cert. denied, 461 U.S. 971, 103 S.Ct. 2444, 77 L.Ed.2d 1327 (1983). We agree with the trial court—it was a mitigating factor but not substantial enough to overcome the aggravating factor. *See also State v. Patrick Poland,* supra.

█ We further find that neither defendant's age, thirty-six at the time of the offenses, *State v. Clark,* supra, 126 Ariz., at 437, 616 P.2d at 897; nor the fact that he was a model prisoner, *State v. Carriger,* 143 Ariz. 142, 161–162, 692 P.2d 991, 1010–1011 (1984), are mitigating factors sufficiently substantial to call for leniency.

## PROPORTIONALITY REVIEW

█ We conduct a proportionality review as part of our independent review to determine "whether the sentences of death are excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant." *State v. Villafuerte,* supra, 142 Ariz., at 332, 690 P.2d at 51; *State v. Richmond,* 114 Ariz. 186, 196, 560 P.2d 41, 51 (1976).

█ Our review indicates that defendant's sentence is proportionate to sentences imposed in this state upon other defendants who have committed murders having a similar degree of aggravation. We have upheld the imposition of the death sentence in numerous cases involving only one aggravating factor and no mitigating factors sufficiently substantial to call for leniency. *E.g., State v. Villafuerte,* supra; *State v. Chaney,* 141 Ariz. 295, 686 P.2d 1265 (1984); *State v. Smith,* 138 Ariz. 79, 673 P.2d 17 (1983), cert. denied, —— U.S. ——, 104 S.Ct. 1429, 79 L.Ed.2d 753 (1984).

In a similar case involving a murder for pecuniary gain, we stated:

In this case, the murders were a part of the overall scheme of the robbery with the specific purpose to facilitate the robbers escape. The defendant had the three victims lie on the floor during the robbery and before leaving the bar shot each victim in turn with the intent that no witnesses be left to identify the robbers. The murders were not unexpected or accidental. *Cf. State v. Poland,* 132 Ariz. 269, 645 P.2d 784 (1982) (drowning Purolator guards after robbery); *State v. Gretzler, supra,* (defendants committed the murders "to obtain a substitute car in which they could continue their flight"); *State v. Tison,* 129 Ariz. 546, 633 P.2d 355 (1981); *cert. denied,* 459 U.S. 882, 103 S.Ct. 180, 74 L.Ed.2d 147 (1982) (homicides were committed to secure a vehicle in which assailants could continue their flight).

*State v. Hensley,* 142 Ariz. 598, 604, 691 P.2d 689, 695 (1984).

We have reviewed the entire record pursuant to A.R.S. § 13–4035 and have found no reversible error. The finding that the murders were committed in an "especially heinous, cruel or depraved manner" is reversed, but the finding as to the "pecuniary gain" aggravating circumstance is affirmed. No mitigating circumstances sufficiently substantial to call for leniency have been found.

The judgments and sentences are affirmed.

HOLOHAN, C.J., and HAYS, J., concur.

GORDON, Vice Chief Justice (concurring in part and dissenting in part):

For the reasons stated in *State v. Patrick Gene Poland,* 144 Ariz. 388, 698 P.2d 183 (1985), I concur in affirming defendant's conviction but dissent from the reimposition of the death penalty.

FELDMAN, Justice:

I concur in Vice Chief Justice Gordon's special concurrence and dissent.