## 42713. SPRAGGINS v. THE STATE.
### (336 SE2d 227)

MARSHALL, Presiding Justice.

This is a prolonged criminal prosecution in which the death penalty is being sought against the appellant. He was initially convicted of murder and rape, and he was sentenced to death. On direct appeal, his death sentence was set aside by this court because of errors in the sentencing instructions to the jury. After numerous other proceedings, his convictions and sentences were overturned by a federal district court because of ineffective assistance of trial counsel. At his retrial, the state is again seeking the death penalty. He filed motions to prohibit this on double-jeopardy grounds. His motions were denied, and this is his appeal from the denial of the motions.

The history of the proceedings culminating in this appeal is as follows:

The appellant, Eddie Spraggins, along with Freddie Davis,[1] was convicted of the rape and murder of Frances Coe. Upon the recommendation of the jury, he was sentenced to death. The death penalty was imposed upon the jury's finding the sole statutory aggravating circumstance submitted by the state and charged by the trial court, which was that the offense of murder was committed while the offender was engaged in the commission of another capital felony, the rape. OCGA § 17-10-30 (b) (2). On appeal, the convictions were affirmed, as was the life sentence which was imposed for the rape conviction. *Spraggins v. State,* 240 Ga. 759 (243 SE2d 20) (1978). How-

---

[1] See *Davis v. State,* 240 Ga. 763 (243 SE2d 12) (1978).

ever, the death sentence was set aside because of defects in the sentencing instructions to the jury. *Spraggins v. State,* supra, 240 Ga. at p. 763.

At the resentencing hearing, the death penalty was sought on the basis of two statutory aggravating circumstances. As in the original trial, it was submitted that the murder was committed while the appellant was engaged in the commission of another capital felony, the rape. OCGA § 17-10-30 (b) (2) (referred to hereinafter as the rape aggravating circumstance or the § (b) (2) aggravating circumstance). It was also submitted that the offense of murder was outrageously and wantonly vile, horrible and inhuman in that it involved torture to the victim and depravity of mind on the part of the defendant. OCGA § 17-10-30 (b) (7) (referred to hereinafter as the outrageously-and-wantonly-vile aggravating circumstance or the § (b) (7) aggravating circumstance). The jury again returned a verdict recommending that the appellant be given the death penalty, finding as the only statutory aggravating circumstance that the offense of murder was outrageously and wantonly vile, horrible and inhuman, etc. On appeal, the appellant's death sentence was affirmed. *Spraggins v. State,* 243 Ga. 73 (252 SE2d 620) (1979).

However, the United States Supreme Court granted certiorari, vacated the death sentence, and remanded the case for further consideration in light of *Godfrey v. Georgia,* 446 U. S. 420 (100 SC 1759, 64 LE2d 398) (1980). *Spraggins v. Georgia,* 446 U. S. 961 (100 SC 2935, 64 LE2d 820) (1980). Finding that the imposition of the death penalty against Spraggins was not inconsistent with the Supreme Court's *Godfrey* decision, we reaffirmed the judgment imposing the death penalty. *Spraggins v. State,* 246 Ga. 432 (271 SE2d 828) (1980). The United States Supreme Court denied certiorari. *Spraggins v. Georgia,* 451 U. S. 921 (101 SC 2000, 68 LE2d 312) (1981).

Subsequently, the appellant filed a writ of habeas corpus in the Butts Superior Court, which was denied. We denied the appellant's application for a certificate of probable cause to appeal. The appellant's application to the United States Supreme Court for a writ of certiorari was, likewise, denied. *Spraggins v. Zant,* 459 U. S. 928 (103 SC 239, 174 LE2d 188) (1982). An execution date was set by the superior court.

The appellant then instituted habeas corpus proceedings in federal district court in Georgia. The execution was stayed, and the federal district court subsequently entered an order setting aside the appellant's convictions and sentences because of ineffective assistance of trial counsel. On appeal by the state, the Eleventh Circuit Court of Appeals affirmed. *Francis v. Spraggins,* 720 F2d 1190 (11th Cir. 1983). The United States Supreme Court denied certiorari. *Kemp v. Spraggins,* ___ U. S. ___ (105 SC 1776, ___ LE2d ___) (1985).

Upon return of the case to the Meriwether Superior Court, the state filed notice of its intent to seek the death penalty against the appellant on the basis of the two statutory aggravating circumstances advanced at the appellant's second trial. The appellant filed pretrial motions to prohibit the prosecution from seeking the death penalty. In these motions, the appellant has advanced basically three arguments: (1) First, it is argued that the evidence introduced at the appellant's original trial was insufficient to establish the sole aggravating circumstance alleged by the state and found by the jury, i.e., the rape aggravating circumstance. Therefore, the appellant argues that it would violate the Double Jeopardy Clause to allow the state to submit this aggravating circumstance to a jury again. The authorities relied on in support of this argument are *Bullington v. Missouri*, 451 U. S. 430 (101 SC 1852, 68 LE2d 270) (1981) and *Young v. Kemp*, 760 F2d 1097 (11th Cir. 1985). (2) Second, it is argued that by proceeding upon the rape aggravating circumstance as the sole aggravating circumstance in the first trial, the state waived its right to assert the outrageously-and-wantonly-vile aggravating circumstance at resentencing, and the introduction of this latter aggravating circumstance at resentencing violated the appellant's rights under the Double Jeopardy Clause. In support of this argument, *Godfrey v. Francis*, 613 FSupp. 747 (N. D. Ga. 1985), is relied upon, as well as *Bullington v. Missouri*, supra, and *Young v. Kemp*, supra. (3) Third, it is argued that, since the jury in the resentencing hearing did not find that the murder occurred while the appellant was engaged in the commission of rape, it, in effect, imposed a life sentence based upon this aggravating circumstance; therefore, the appellant contends that any death sentence which might now be predicated on this aggravating circumstance would be disproportionate. *Ward v. State*, 239 Ga. 205 (236 SE2d 365) (1977), is cited here.

The trial judge denied the foregoing motions. The appellant filed his notice of appeal. See *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982). We granted the appellant's motion to stay the proceedings below. We also granted the state's motion to expedite this appeal.[2] For reasons which follow, we affirm.

1. In *Bullington v. Missouri*, supra, the United States Supreme Court, by a 5-to-4 vote, for the first time found the Double Jeopardy Clause to be applicable to the sentencing phase of a criminal trial. The case involved Missouri's statutory death-penalty procedures. In Missouri, as in Georgia, a death-penalty trial is bifurcated into a guilt/innocence phase and a sentencing phase; if the death penalty is

---

[2] The state avers that it has been given 180 days in which to retry the appellant, and that this 180-day period expires on December 15, 1985.

to be imposed, the state must establish beyond a reasonable doubt, and the jury must find, the existence of at least one statutory aggravating circumstance.

Bullington was convicted of murder. The state sought imposition of the death penalty predicated upon two statutory aggravating circumstances. The jury returned its verdict fixing Bullington's punishment at imprisonment for life. Subsequently, Bullington was granted a new trial as a result of the decision in *Duren v. Missouri*, 439 U. S. 357 (99 SC 664, 58 LE2d 579) (1979), holding that the provisions of Missouri law allowing women to claim automatic exemption from jury service violated the fair-cross-section requirement of the Sixth Amendment, as made applicable to the states through the Fourteenth Amendment.

Upon Bullington's retrial, the state sought imposition of the death penalty on the basis of the two statutory aggravating circumstances advanced in the first trial, as well as another statutory aggravating circumstance. On certiorari, the United States Supreme Court held that the Double Jeopardy Clause barred the state from seeking the death penalty at Bullington's retrial.

The specific holding of *Bullington* is that, under sentencing procedures in death-penalty cases as are employed in Missouri, where the jury returns a verdict sentencing the defendant to life imprisonment rather than to death, if the defendant obtains a reversal of his underlying conviction because of trial error, the Double Jeopardy Clause precludes the state from seeking imposition of the death penalty at retrial.

The rationale for the Supreme Court's decision in *Bullington* is that, since the state at the sentencing phase of the death-penalty trial had to prove the existence of at least one statutory aggravating circumstance beyond a reasonable doubt in order for the death penalty to be returned, the sentencing phase possessed the hallmarks of a trial on guilt or innocence; therefore, by sentencing the defendant to life imprisonment, the jury had, in effect, acquitted him of whatever was necessary to impose the death sentence.

These features of the sentencing phase of a death-penalty case were seen to distinguish it from the sentencing procedures in other criminal cases, wherein imposition of a particular sentence is not regarded as an acquittal of any more severe sentence that could be imposed. See *North Carolina v. Pearce*, 395 U. S. 711 (89 SC 2072, 23 LE2d 656) (1969). See also *United States v. DiFrancesco*, 449 U. S. 117 (101 SC 426, 66 LE2d 328) (1980); *Chaffin v. Stynchcombe*, 412 U. S. 17 (93 SC 1977, 36 LE2d 714) (1973); *Stroud v. United States*, 251 U. S. 15 (40 SC 50, 64 LE2d 103) (1919). As stated in *North Carolina v. Pearce*, 395 U. S., supra at p. 721, the general rule that there is no double-jeopardy bar to imposing a harsher sentence against the

defendant upon retrial "rests ultimately on the premise that the original conviction has, at the defendant's behest, been wholly nullified and the slate wiped clean."

However, the sentencing adjudication in the death-penalty trial was seen to be more similar to a guilt/innocence determination, thereby invoking the rule of *Burks v. United States*, 437 U. S. 1 (98 SC 2141, 57 LE2d 1) (1978), that if the defendant's conviction is reversed because of an insufficiency of the evidence to support the verdict, retrial of the defendant is barred by the Double Jeopardy Clause.

Although at Bullington's retrial the prosecution announced its intent to seek imposition of the death penalty on the two statutory aggravating circumstances advanced in the first trial as well as another statutory aggravating circumstance, the prosecution subsequently announced its intention to rely only upon the same aggravating circumstances advanced in the first trial. In *Bullington*, the Supreme Court held that in view of the values underlying the Double Jeopardy Clause, as stated in *Green v. United States*, 355 U. S. 184 (78 SC 221, 2 LE2d 199) (1957), this was irrelevant. As stated in *Green v. United States*, supra, 355 U. S. at pp. 187-188, "The underlying idea, one that is deeply engrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty."

2. In *Young v. Kemp*, 760 F2d 1097 (11th Cir. 1985) (reh. den. en banc), the defendant Young had been convicted of murder in Georgia and he was sentenced to death under two statutory aggravating circumstances: (1) that the offense of murder was committed while the offender was engaged in the commission of another capital felony, i.e., armed robbery; and (2) that the offense of murder was committed for the purpose of receiving money. OCGA § 17-10-30 (b) (4).

In federal habeas corpus proceedings, the federal district court held that the evidence was legally insufficient to support these two statutory aggravating circumstances. *Young v. Zant*, 506 FSupp. 274 (M. D. Ga. 1980). On appeal, the Eleventh Circuit Court of Appeals set aside the underlying convictions on grounds of ineffective assistance of trial counsel. *Young v. Zant*, 677 F2d 792 (11th Cir. 1982). In subsequent proceedings in the federal appellate court, the question for decision was whether, in Young's retrial, the state could seek the death penalty on the basis of the two statutory aggravating circumstances advanced in the first trial, as well as an additional aggravating circumstance.

The appellate court, in *Young v. Kemp*, supra, answered this question in the negative, on the ground that the double-jeopardy principles announced in *Burks*, and applied in *Bullington*, forbid the state from seeking the death penalty at retrial where a reviewing court has determined that the evidence adduced at the original trial was legally insufficient to support the imposition of the death penalty.[3]

3. In footnote 11 of the *Young v. Kemp* opinion, 760 F2d at pp. 1106-1107, the court expressed its agreement with *Green v. Zant*, 738 F2d 1529 (11th Cir. 1984), and *Zant v. Redd*, 249 Ga. 211 (290 SE2d 36) (1982); however, in *Young* these cases were found to be inapposite.

(a) *Zant v. Redd*, supra, involved the following situation: The defendant Redd was sentenced to death for murder. In his original trial, three statutory aggravating circumstances were advanced: (1) The offense of murder was committed while the defendant was engaged in the commission of the capital felony of kidnapping with bodily injury; (2) the offense of murder was outrageously or wantonly vile or inhuman in that it involved torture, or depravity of mind, or an aggravated battery; and (3) the offense of murder was committed while the offender was engaged in the commission of the capital felony of armed robbery. The defendant was sentenced to death on the basis of the one statutory aggravating circumstance found by the jury, that the murder occurred during the course of the commission of the offense of kidnapping with bodily injury.

On appeal, the death sentence was reversed because of defects in the jury charge at the sentencing hearing. At resentencing, the aggravating circumstances advanced in the first trial were submitted to the jury, and a fourth aggravating circumstance was also submitted. The additional aggravating circumstance was that the offense of murder was committed for the purpose of receiving money. The jury returned a recommendation in favor of imposing a death sentence, on the basis of two aggravating circumstances: (1) kidnapping with bodily injury; and (2) that the murder was outrageously or wantonly vile, horrible or inhuman, etc.

---

[3] As in *Bullington*, the court in *Young v. Kemp*, rejected the state's argument that even if the imposition of the death penalty was barred with respect to the two aggravating circumstances alleged in Young's first trial, the state could still seek the death penalty on the basis of an aggravating circumstance not submitted in the first trial. 760 F2d at p. 1107, n. 12.

However, in *Arizona v. Poland*, 144 Ariz. 388 (698 P2d 183) (1985), and *Arizona v. Poland*, 144 Ariz. 412 (698 P2d 207) (1985), the Arizona Supreme Court held that double-jeopardy principles are not violated when a defendant, whose previous death sentence was reversed for lack of sufficient evidence on aggravating circumstances, is again sentenced to death on retrial on the basis of new aggravating circumstances. The United States Supreme Court has granted certiorari to review this decision. *Poland v. Arizona*, Docket No. 85-5023 (October 7, 1985); *Poland v. Arizona*, Docket No. 85-2024 (October 7, 1985).

In habeas corpus proceedings, the superior court agreed with Redd's argument that under *Bullington*, it was a violation of the Double Jeopardy Clause for the state to have submitted to the jury at the resentencing hearing the two aggravating circumstances not found by the jury at the original trial.[4]

On appeal, we reversed, rejecting the argument that the failure of the jury to list certain aggravating circumstances in support of the death penalty amounts to an "acquittal" of those circumstances. The reason for our rejection of this argument is that, since the Georgia death-penalty statute only requires a finding of one aggravating circumstance in order to impose the death penalty, OCGA § 17-10-31, it cannot be said that the listing of only one of several aggravating circumstances in support of the death penalty is an "acquittal" of the others. In addition, aggravating circumstances are not offenses, but rather they are procedural standards designed to control a jury's discretion in capital cases in order to ensure against capricious and arbitrary enforcement of the death penalty. For these reasons, we found applicable the rule of *North Carolina v. Pearce*, supra, that "the slate is wiped clean" where the defendant overturns his death sentence on technical grounds. That is, the sentence is nullified, and the state and defense start anew; at the resentencing hearing, the state may offer proof of aggravating circumstances not offered at the first trial, as well as aggravating circumstances offered at the first trial but not listed by the jury in support of the death sentence.

(b) In *Green v. Zant*, supra, the state sought the death penalty against Green on the basis of three aggravating circumstances: (1) The offense of murder was committed while the offender was engaged in the commission of the additional capital felonies of the kidnapping and armed robbery of the victim; (2) the defendant committed the offense of murder for the purpose of receiving money and other things of value, namely, the victim's car; and (3) the offense of murder was outrageously and wantonly vile, horrible and inhuman in that it involved torture to the victim and depravity of mind on the part of the defendant. The jury returned a death sentence based upon its finding that the first and third aggravating circumstances were present. However, because of trial error, the death penalty was set aside and the case remanded for resentencing. *Green v. Georgia*, 442 U. S. 95 (99 SC 2150, 60 LE2d 738) (1979).

---

[4] As pointed out in *Zant v. Redd*, supra, 249 Ga. at p. 212, "Redd did not contend that the state could not reseek the death penalty, for Bullington clearly allows for it where a death penalty which is first imposed is set aside on legal grounds. See *Godfrey v. State*, 248 Ga. 616 (1) (284 SE2d 422) (1981). Neither did Redd complain of the submission to the second sentencing jury of the one aggravating circumstance found by the first jury or of the one not submitted to that jury."

In subsequent federal habeas corpus proceedings, Green argued "that the constitutional prohibition against double jeopardy was violated at his resentencing trial because the trial judge permitted the state to introduce evidence pertaining to petitioner's alleged rape of the victim and the theft of her automobile." *Green v. Zant,* supra, 738 F2d at p. 1540.

The federal district court rejected this argument, and on appeal the federal appellate court affirmed. In agreeing with the rejection of this argument, the appellate court noted that the jury could have taken the alleged rape into account in determining whether the crime demonstrated torture to the victim and depravity of mind on the part of the defendant. In addition, the appellate court went on to hold that Green's reliance on *Bullington* was misplaced for the reasons given by this court in *Zant v. Redd,* supra.

4. In *Godfrey v. Francis,* supra, the federal district court ruled, in line with *Young v. Kemp*'s interpretation of *Bullington,* that where the evidence at the defendant's original trial was legally insufficient to support the only statutory aggravating circumstance advanced, the Double Jeopardy Clause prohibited the state from seeking the death penalty at a resentencing hearing.

Godfrey also argued that the trial judge was required by the Georgia death-penalty statute to charge on all pertinent aggravating circumstances, OCGA § 17-10-30 (b), and, therefore, Godfrey was impliedly acquitted with respect to all other aggravating circumstances not charged. In addition, he argued that the state, by seeking the death penalty under only one statutory aggravating circumstance at the first trial, waived its right to seek the death penalty under any other statutory aggravating circumstance. Contrary to the statement in Headnote 3 of the *Godfrey v. Francis* decision, the court did not resolve these arguments by holding that the state waived its right to seek the death penalty under any statutory aggravating circumstance other than that submitted at the first trial. 613 FSupp. at p. 755, n. 15.

5. We disagree with the appellant's argument that the evidence as to the rape was insufficient to support the § (b) (2) aggravating circumstance at his first trial.

In the appellant's original appeal, we acknowledged that the evidence as to the second element of rape, i.e., penetration of the female sex organ by the male sex organ (see OCGA § 16-6-1 (a)), was circumstantial; however, considering all of the facts and circumstances, we held that the evidence was sufficient to support the jury's verdict. *Spraggins v. State,* supra, 240 Ga. at p. 761.

In reaffirming the appellant's death sentence in light of *Godfrey v. Georgia,* supra, we observed:

"The evidence shows that the victim was raped and killed as part

of a robbery scheme. The victim died from loss of blood. She had been beaten about the face and had been repeatedly stabbed, slashed and cut. Her throat was cut and the trachea was almost severed. She had been partially disembowelled. Death was not instantaneous but was prolonged. *Spraggins v. State* (supra, 240 Ga. 759).

"The victim was found with her sweater open, her slip pulled up and her pantyhose and panties pulled down. Forensic evidence established that there could have been manipulation of the victim's sexual organs. Bruises were present on her thigh and near the vaginal opening. There was a tear in the vaginal wall and hemorrhaging around the urethra." 246 Ga. at pp. 433-434.

Under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we reaffirm our holding as to the sufficiency of the evidence to support the finding concerning the rape of the victim.

The appellant's argument, that the evidence was insufficient to support the jury's finding that the appellant raped the victim, resolves itself into the contention that proof of emission is an essential element of the crime of rape. This is not the law. Although at one time this may have been the rule in Georgia, *Brown v. State*, 76 Ga. 623 (1886), it is no longer the rule. *Bonner v. State*, 206 Ga. 19 (1) (55 SE2d 587) (1949) and cits.

6. The rationale employed in *Zant v. Redd*, supra, was approved in *Green v. Zant*, supra, and *Young v. Kemp*, supra. As recognized by these decisions, where multiple aggravating circumstances are submitted to the jury, a finding by the jury of less than all of the aggravating circumstances does not constitute an acquittal of the aggravating circumstances not listed by the jury.

This distinguishes *Bullington v. Missouri*, supra, from the present case, and it also distinguishes our decision in *Ward v. State*, supra, which antedated *Bullington*. There, we held that where the defendant is originally sentenced to life imprisonment, he may not be sentenced to death upon retrial after reversal of his original conviction, in that imposition of the death sentence in the circumstances would violate the statutory requirement that the sentence not be "excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant." OCGA § 17-10-35 (c) (3).

And, as observed in *Green v. Zant*, supra, in finding that the murder was outrageously and wantonly vile, horrible or inhuman, etc., the jury may well have taken the rape of the victim into consideration.

For these reasons, we conclude that the appellant is incorrect in his argument that the jury's failure to find the § (b) (2) aggravating circumstance at the appellant's second sentencing hearing constituted, in effect, an acquittal of this charge.

7. Since the evidence was sufficient to support the jury's finding of the § (b) (2) aggravating circumstance at the appellant's first trial, and since the evidence was likewise sufficient to support the jury's finding of the § (b) (7) aggravating circumstance at his second trial, it follows that the Double Jeopardy Clause does not preclude the state from seeking the death penalty against the appellant in this proceeding. *Zant v. Redd,* supra; *Young v. Kemp,* supra; *Green v. Zant,* supra.

*Judgment affirmed. All the Justices concur, except Hill, C. J., and Gregory, J., who concur specially.*

GREGORY, Justice, concurring specially.

I agree with the result reached in this case and with much that is said by the majority in support of that result. I concur specially because I prefer to address more fully the appellant's contentions that (1) when the trial court failed to charge the § b (7) circumstance at the first trial, the court in effect acquitted the appellant of this statutory aggravating circumstance, and (2) when the state failed to assert the presence of the § b (7) aggravating circumstance at the first trial, the state waived its right to contend its existence at any future retrial of the case. See Appellant's Brief, pp. 21-24.

If, in fact, the trial judge passed on the sufficiency of the evidence as to the § b (7) circumstance at the first trial, and determined that the evidence did not support it, such a determination might very well preclude the state's reliance on the § b (7) circumstance in any subsequent retrial of the case, theories of nullification and clean slates notwithstanding. Cf. *Young v. Kemp,* 760 F2d 1097 (11th Cir. 1985).

A review of the record of the original trial shows that the state did not request a charge on the § b (7) circumstance. Record, Case No. 32605, Transcript of Hearing of February 25, 1977, pp. 2-3, and Trial Transcript pp. 159-160. The question, then, is whether the mere fact that § b (7) was not charged in the first trial is tantamount to a ruling by the trial court on the sufficiency of the evidence as to § b (7). This, in turn, depends upon whether the trial court is required to examine for evidentiary sufficiency all possible statutory aggravating circumstances, or only those asserted by the state.

Appellant contends the trial judge must review every aggravating circumstance listed in OCGA § 17-10-30 (b) and must charge all that are warranted by the evidence. The statute, however, does not clearly require such a review,[1] and this court has never held that the trial

---

[1] See OCGA § 17-10-30 (b) and (c). Although the word "any" can mean every one, it more commonly means at least one, or possibly more. Webster's New World Dictionary of the American Language, 2nd Edition 1970.

court has that duty.[2]

Typically, a trial judge in our adversary system addresses only issues that are raised by the parties.[3] In the first trial of this case, the applicability of the § b (7) circumstance was not raised by the parties. Thus, the mere fact that the trial court did not instruct the jury as to the § b (7) circumstance did not, in my view, involve a determination by the trial court that § b (7) was not supported by the evidence.

Nor can I agree with appellant's assertion that by failing to assert the § b (7) circumstance at the first trial, the state waived its right to pursue this circumstance at any subsequent retrial of the case.

If the state had travelled only upon a § b (2) theory and the jury had recommended a life sentence, the state could not thereafter have sought a death sentence (for the same crime) on a § b (7) theory. *Ward v. State*, 239 Ga. 205 (236 SE2d 365) (1977). And, if the jury had imposed a death sentence, but a reviewing court had determined that the only statutory circumstance presented was not supported by the evidence, the state probably could not then re-seek a death sentence by asserting additional circumstances not presented in the first trial. *Young v. Kemp*, supra.

However, when a case is reversed for reasons other than an insufficiency of the evidence, the state is not restricted to presenting at the retrial only that evidence presented in the first instance. At the guilt-innocence phase or at the sentencing phase of a retrial, the state (and the defense as well) may add to or subtract from its previous presentation, may rely upon new theories in support of the desired verdict, or may continue to rely upon previous theories, may present new evidence (whether or not newly discovered) or may delete old evidence.

In short, the slate is wiped clean. In this case, the state is not precluded from alleging the existence of both § b (2) and § b (7) simply because § b (7) was not asserted at the first trial.

I am authorized to state that Chief Justice Hill joins in this special concurrence.

DECIDED NOVEMBER 8, 1985 —
RECONSIDERATION DENIED NOVEMBER 27, 1985.

*Michael Kennedy McIntyre, Martin & Young, John R. Martin,* for appellant.

---

[2] There is dicta to this effect. See *Williams v. State*, 237 Ga. 399, 400 (228 SE2d 806) (1976). It should not be followed.

[3] At the guilt-innocence phase of a trial, a trial court may charge lesser included offenses of the crimes set forth in the indictment, even if neither party requests such a charge. Charging statutory aggravating circumstances not timely asserted by the state, however, presents constitutional notice problems. Cf. *McCrary v. State*, 252 Ga. 521 (314 SE2d 662) (1984).

*Arthur E. Mallory III, District Attorney, Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* for appellee.